UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARROW INTERNATIONAL, INC. and
ARROW INTERNATIONAL INVESTMENT
CORP.,

    Plaintiffs,

v.

SPIRE BIOMEDICAL, INC.,

    Defendant.

C.A. No. 05-CV-10671-DPW

## SPIRE BIOMEDICAL INC.'S ANSWER, COUNTERCLAIMS, AND JURY TRIAL DEMAND

Defendant, Spire Biomedical, Inc. ("Spire"), for its Answer in response to the Complaint of Plaintiffs, Arrow International, Inc. and Arrow International Investment Corp., states and alleges as follows:

### PARTIES

1. Spire denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.

2. Spire denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.

3. Spire denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.

4. Spire admits that Spire Corporation is a Massachusetts corporation and that it has a principal place of business at One Patriots Park, Bedford, Massachusetts.

5. Spire admits that it is in the business of developing, manufacturing, and selling catheters for hemodialysis.

## JURISDICTION AND VENUE

6. Spire admits that this action arises under the patent laws and that this Court has subject matter jurisdiction, but denies that any act of infringement of a valid and enforceable patent has occurred requiring the exercise of the Court's jurisdiction.

7. The allegation in paragraph 7 of proper venue is a conclusion of law to which no response is required.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,872,'198

8. Spire admits that U.S. Patent 6,872,198 (the "'198 Patent") was issued on March 29, 2005 under the title "Double-Y-Shaped Multi-Lumen Catheter with Selectively Attachable Hubs" but denies that said patent was duly and legally issued. It is without sufficient information as to ownership of said patent to admit or deny that allegation.

9. Spire denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

10. Spire denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.

11. Spire admits that it is engaged in the manufacture and sale of the Pourchez RetrO High Flow Kink-Resistant Catheter. Spire denies the remaining allegations contained in paragraph 11.

12. Spire denies the allegations contained in paragraph 12.

13. Spire denies the allegations contained in paragraph 13.

14. Spire denies the allegations contained in paragraph 14.

15. Spire denies the allegations contained in paragraph 15.

16. Spire denies the allegations contained in paragraph 16.

17. Spire denies the allegations contained in paragraph 17.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### No Infringement

18. Spire engaged in no activities that would constitute an infringement of any valid and enforceable claim of the '198 patent.

### Second Affirmative Defense

### Patent Invalidity

19. The claims of the '198 patent are invalid and void because they fail to comply with the requirements of the patent laws of the United States, Title 35, United States Code including, without limitation, sections 101, 102, 103, and 112.

### Third Affirmative Defense

### Patent Unenforceability

20. The claims of the '198 patent are unenforceable due to inequitable conduct during the filing and prosecution of the patent application that issued as the '198 patent.

## COUNTERCLAIMS

### (Background)

21. Spire counterclaims against the Arrow International, Inc. and Arrow International Investment Corp. (collectively "Arrow") for a declaratory judgment of non-infringement, invalidity and unenforceability.

22. Spire is a Massachusetts corporation having a principal place of business at One Patriots Park, Bedford, Massachusetts.

23. On information and belief, Arrow International, Inc. ("Arrow, Inc.") is a Pennsylvania corporation having a principal place of business Reading, Pennsylvania.

24. On information and belief, Arrow International Investment Corp. ("Arrow Corp.") is a Delaware corporation having a principal place of business Wilmington, Delaware.

25. An actual controversy exists between Spire and Arrow relating to: alleged infringement, validity, and enforceability of the '198 patent on which Arrow brought this action.

26. Arrow Corp. alleges that it is the owner of the 198 Patent and Arrow, Inc. alleges that it is the exclusive licensee of same.

27. Arrow is claiming that Spire infringes claims of the '198 patent and is so asserting in the Complaint it filed in this Action.

28. This Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1331, 1332, and 1338(a) because the matter in controversy arises under an act of Congress relating to patents (35 U.S.C. § 1, et seq.). Venue is proper under 28 U.S.C. §§1391 and 1400.

## First Counterclaim

### Declaratory Judgment of Patent Invalidity

29. Paragraphs 1-28 are incorporated herein by reference, as if repeated in full.

30. The claims of the '198 patent are invalid and void because they fail to comply with the requirements of the patent laws of the United States, Title 35, United States Code including, without limitation, sections 101, 102, 103, and 112.

## Second Counterclaim

### Declaratory Judgment of No Infringement

31. Paragraphs 1-30 are incorporated herein by reference, as if repeated in full.

32. Spire has engaged in no activities that would constitute an infringement of any valid and enforceable claim of the '198 patent.

## Third Counterclaim

### Declaratory Judgment of Patent Unenforceability

33. Paragraphs 1-32 are incorporated herein by reference, as if repeated in full.

34. The claims of the '198 patent are unenforceable against Spire because its inequitable conduct bars any claims Arrow asserts in this Action.

35. Spire's development program for a product that Arrow asserts infringes the 198 patent, namely Spire's Pourchez RetrO High Flow Kink-Resistant Catheter predates the filing date of the patent application that issued as the '198 patent ("the application"). Upon information and belief, those named as inventors in the '198 patent filed the application after they, or others with whom they were working, learned of Spire's development activities.

Nonetheless, the named inventors claimed as a priority date for the 198 patent a date that anteceded their knowledge of Spire's activities.

36. Upon information and belief, no one associated with the application, from which the '198 patent issued, disclosed their knowledge of Spire's development activities to the U.S. Patent Office. Although Spire's Pourchez RetrO High Flow Kink-Resistant Catheter product was already on the market during prosecution of the application, on information and belief, it was never brought to the attention of the Patent Office by anyone associated with the application.

37. Spire's product and its development activity are material to the patentability what the application was seeking to patent, and Arrow's failure to bring relevant information regarding same to the attention of the Patent Office is inequitable conduct, rendering the claims of the '198 patent unenforceable.

38. This case is "exceptional" within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Spire prays that the Court:

A. Enter a declaratory judgment that Spire has not infringed any claim of U.S. Patent No. 6,872,198;

B. Enter declaratory judgment that U.S. Patent No. 6,872,198 is invalid;

C. Enter declaratory judgment that U.S. Patent No. 6,872,198 is unenforceable;

D. Dismiss all claims asserted in Arrow's Complaint with prejudice;

E. Enter judgment awarding Spire its costs and expenses of defending and prosecuting this Action, including reasonable attorneys' fees; and

F.  Award such other relief as it deems proper.

## JURY DEMAND

SPIRE DEMANDS TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

SPIRE BIOMEDICAL, INC.,
By its attorneys,

Dated: June 7, 2005

Daniel J. Gleason (BBO # 194900)
Thomas J. Engellenner (BBO # 154460)
Michelle Chassereau Jackson (BBO # 654825)
NUTTER, McCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2604
Telephone 617-439-2000
Facsimile 617-310-9000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Spire Biomedical, Inc.'s Answer, Counterclaims, and Jury Trial Demand was served by United States First Class Mail, postage prepaid on this 7th day of June, 2005 upon:

Brian E. Whiteley, Esquire
C. Alex Hahn, Esquire
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, 5th Floor
Boston, MA  02110

Kenneth P. George, Esquire
Ira E. Silfin, Esquire
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016

Michelle Chassereau Jackson

1432170.3