UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ARROW INTERNATIONAL, INC. and          :
ARROW INTERNATIONAL INVESTMENT         :
CORP.,                                 :   Civil Action No. 05-CV-10671-DPW
                                       :
         Plaintiffs,                :
                                       :
         v.                         :
                                       :
SPIRE BIOMEDICAL, INC.,                :
                                       :
         Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY TO COUNTERCLAIMS

Plaintiffs and counterclaim-defendants Arrow International, Inc. and Arrow International Investment Corp. (collectively, "Arrow") reply to the counterclaims of defendant and counterclaim plaintiff Spire Biomedical, Inc. ("Spire") as follows:

## RESPONSES

21. Arrow admits that Spire purports to counterclaim against Arrow for declaratory judgment, but denies that such counterclaim has merit.

22. Arrow admits the allegations of paragraph 22 of the counterclaims.

23. Arrow admits the allegations of paragraph 23 of the counterclaims.

24. Arrow admits the allegations of paragraph 24 of the counterclaims.

25. Arrow admits the allegations of paragraph 25 of the counterclaims.

26. Arrow admits the allegations of paragraph 26 of the counterclaims.

27. Arrow admits the allegations of paragraph 27 of the counterclaims.

313541.1

28.     Arrow admits that subject matter jurisdiction and venue are proper in this Court.

29.     Arrow repeats its responses to paragraphs 22 through 28 as if fully set forth herein and refers to paragraph 1 through 20 of the complaint in response to Spire's incorporation of paragraphs 1 through 20 of its answer.

30.     Arrow denies the allegations of paragraph 30 of the counterclaims.

31.     Arrow repeats it responses to paragraphs 22 through 30 as if fully set forth herein and refers to paragraph 1 through 20 of the complaint in response to Spire's incorporation of paragraphs 1 through 20 of its answer.

32.     Arrow denies the allegations of paragraph 32 of the counterclaims.

33.     Arrow repeats it responses to paragraphs 22 through 32 as if fully set forth herein and refers to paragraph 1 through 20 of the complaint in response to Spire's incorporation of paragraphs 1 through 20 of its answer.

34.     Arrow denies the allegations of paragraph 34 of the counterclaims.

35.     Arrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 35 of the counterclaims.  Arrow denies the remaining allegations of paragraph 35 of the counterclaims.

36.     Arrow denies the allegations of the first sentence of paragraph 36 of the counterclaims.  Arrow admits the allegations of the second sentence of paragraph 36 of the counterclaims but denies that such allegations are relevant.

37.     Arrow denies the allegations of paragraph 37 of the counterclaims.

38.     Arrow admits the allegations of paragraph 38 of the counterclaims, but such admission is based solely on the conduct of Spire and is not a result of the allegations made by Spire in its counterclaims.

**AFFIRMATIVE DEFENSES**

1. Spire's counterclaims fail to state a claim upon which any relief can be granted.

2. Spire is inducing infringement of and contributing to the infringement by others of United States Patent No. 6,872,198 in violation of 35 U.S.C. § 271(b),(c), by manufacturing, using, offering for sale, selling, and/or importing the Pourchez RetrO™ High Flow Kink-Resistant Catheter.

3. Spire's third counterclaim alleges fraud but fails to state the circumstances of the alleged fraud with particularity.

**PRAYER FOR RELIEF**

WHEREFORE, Arrow prays for relief against Spire as follows:

A. For judgment in Arrow's favor on Spire's counterclaims;

B. For judgment declaring that Spire has induced the infringement of and/or contributorily infringed United States Patent No. 6,872,198 and that such infringement is willful;

C. For injunctive relief enjoining Spire, its officers, agents, servants, representatives, employees, attorneys, successors, and assigns, and all persons and entities acting in concert with them, from directly or indirectly making or causing to be made, using or causing to be offered for sale, selling or causing to be sold, or importing or causing to be imported, any product the use of which infringes United States Patent No. 6,872,198, and from all other further direct infringement, contributory infringement, or inducement of infringement of said patent;

D. For an accounting of all uses, offers for sale, sales, importation, promotions and advertising for all products the use of which infringe United States Patent No. 6,872,198;

E. For monetary relief as follows:

1. Damages including lost profits and interest thereon, but in any event no less than a reasonable royalty, caused by reason of Spire's inducement of infringement and/or contributory infringement of United States Patent No. 6,872,198, such damages to be trebled for Spire's willful and intentional violation of Arrow's rights; and

2. Prejudgment and post-judgment interest as well as Arrow's costs, expenses and attorney's fees in this action, as authorized by 35 U.S.C. §§ 284 and 285; and

F. For such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

ARROW INTERNATIONAL, INC. and
ARROW INTERNATIONAL
INVESTMENT CORP.,

By their attorneys,

s/s C. Alex Hahn
_____
Brian E. Whiteley (BBO #555683)
C. Alex Hahn (BBO #634133)
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, 5th Floor
Boston, MA 02110

-and-

Kenneth P. George (*Pro Hac Vice*)
Ira E. Silfin (*Pro Hac Vice*)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016