UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARROW INTERNATIONAL, INC. and <br> ARROW INTERNATIONAL INVESTMENT <br> CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SPIRE BIOMEDICAL, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-CV-10671-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATEMENT**

Pursuant to the Notice of Scheduling Conference and Local Rule 16.1(D), plaintiffs Arrow International, Inc. and Arrow International Investment Corp. (collectively, "Arrow") and defendant Spire Biomedical, Inc. ("Spire") provide the following joint statement to the Court.

**I.   Discovery Schedule**

1. All automatic disclosures required by Local Rule 26.2(A) shall be made by **September 16, 2005**.

2. Arrow shall serve upon Spire by **January 27, 2006**, information or documents which shall identify:

    a. which claim(s) of its patent it alleges are being infringed;

    b. which specific products or methods of Spire it alleges literally infringe each claim; and

    c. where each element of each claim listed in subpart a. is found in each product or method listed in subpart b. above.  If there is a contention by

-

        Arrow that there is infringement of any claims under the doctrine of equivalents, Arrow shall separately indicate this and, in addition to the information required for literal infringement, Arrow shall also explain the basis for its equivalents analysis.

3. No later than **February 28, 2006**, Spire shall serve upon Arrow documents or information sufficient to indicate with specificity which elements of Arrow's claim documents or information it admits are present in its accused device or process, and which it contends are absent. In the latter regard, Spire will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, Spire shall indicate its contentions concerning non-equivalents.

4. On or about **March 15, 2006**, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses which each party contends should be construed by the Court. The parties shall thereafter meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.  Also, during the meet and confer process, the parties agree to cooperate and attempt to narrow outstanding issues including identification of extrinsic evidence that the parties believe would be useful to support their respective claim constructions.

5. On or before **March 29, 2006**, the parties shall disclose whether they propose to call one or more witnesses, including experts at the Markman hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

6. On or before **April 12, 2006**, Arrow shall file an opening claim construction brief.  Spire shall file its responsive brief on or before **May 10, 2006**.  Arrow shall file its reply brief, if any, on or before **May 24, 2006**.  The court will hold a claim construction hearing on _____, 2006 at ____:_____ __.m.

7. All expert witnesses on an issue for which a party bears the burden of proof shall be designated by **July 31, 2006**.

8. All fact discovery including fact depositions shall be completed by **August 31, 2006**.

9. Reports from retained experts under Rule 26(a)(2) will be due from the party bearing the burden on a particular issue by **September 28, 2006** with rebuttal reports due by **November 10, 2006**. All expert depositions to be completed by **November 30, 2006**. Supplementations under Rule 26(e) are due no later than **30 days before trial**. Arrow and Spire shall be limited to three experts without leave of court or agreement of the parties.

   The parties do not believe phased discovery is necessary in this action.

**II.  Motions**

1. All discovery motions shall be filed by **July 31, 2006**.

2. All motions for summary judgment shall be filed by **January 11, 2007**.

### III.  Certifications

Counsel for both parties have filed certificates, signed by an authorized representative of their clients, stating they have conferred with a view toward establishing a budget for the costs of conducting the full course – and various alternative courses of – this litigation, and to consider resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

| | |
|---|---|
| Respectfully submitted,<br>ARROW INTERNATIONAL, INC. and<br>ARROW INTERNATIONAL<br>INVESTMENT CORP., | Respectfully submitted,<br>SPIRE BIOMEDICAL, INC., |
| By their attorneys, | By its attorneys, |
| /s/ C. Alex Hahn<br>Brian E. Whiteley (BBO #555683)<br>C. Alex Hahn (BBO #634133)<br>Scibelli, Whiteley and Stanganelli, LLP<br>50 Federal Street, 5th Floor<br>Boston, MA 02110<br>Telephone:  (617) 227-5725<br>Facsimile:  (617) 722-6003 | /s/ Michelle Chassereau Jackson<br>Daniel J. Gleason (BBO #194900)<br>Thomas J. Engellenner (BBO#154460)<br>Michelle Chassereau Jackson (BBO# 654825)<br>Nutter, McClennen & Fish, LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210-2604<br>Telephone:  (617) 439-2000<br>Facsimile:  (617) 310-9000 |
| -and- | |
| Kenneth P. George (*Pro Hac Vice*)<br>Ira E. Silfin (*Pro Hac Vice*)<br>Amster, Rothstein & Ebenstein LLP<br>90 Park Avenue<br>New York, NY 10016<br>Telephone:  (212) 336-8000<br>Facsimile:  (212) 336-8001 | |