UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARROW INTERNATIONAL, INC. ET AL
        Plaintiff,

        v.                                       CIVIL ACTION
                                                 NO.05-10671-DPW

SPIRE BIOMEDICAL, INC.
        Defendant.


                        SCHEDULING ORDER
WOODLOCK, D.J.

        This Order is intended primarily to aid and assist counsel in scheduling and planning
the preparation and presentation of cases, thereby insuring the effective, speedy and fair
disposition of cases, either by settlement or trial.

        The above-entitled action having been heard on  September 27, 2005, it is hereby
ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule
16.1(F), that the proposed schedule as an order of the court:


**I. Discovery Schedule**
        1.    All automatic disclosures required by Local Rule
              26.2(A) shall be made by **September 16, 2005**.

        2.    Arrow shall serve upon Spire by **January 27, 2006**,
              information or documents which shall identify:
                    a. which claim(s) of its patent it alleges are
                       being infringed;
                    b. which specific products or methods of Spire it
                       alleges literally infringe each claim; and
                    c. where each element of each claim listed in
                       subpart a. is found in each product or method
                       listed in subpart b. above. If there is a
                       contention by Arrow that there is infringement
                       of any claims under the doctrine of
              equivalents, Arrow shall separately indicate
              this and, in addition to the information
              required for literal infringement, Arrow shall
              also explain the basis for its equivalents
              analysis.

3.  No later than **February 28, 2006**, Spire shall serve upon
    Arrow documents or information sufficient to indicate
    with specificity which elements of Arrow's claim
    documents or information it admits are present
    in its accused device or process, and which it contends
    are absent. In the latter regard, Spire will set forth
    in detail the basis for its contention that the element
    is absent. As to the doctrine of equivalents, Spire
    shall indicate its contentions concerning non-
    equivalents.

4.  On or about **March 15, 2006**, the parties shall
    simultaneously exchange a list of claim terms, phrases,
    or clauses which each party contends should be
    construed by the Court. The parties shall thereafter
    meet and confer for the purpose of finalizing a list,
    narrowing or resolving differences, and facilitating
    the ultimate preparation of a joint claim construction
    statement. During the meet and confer process, the
    parties shall exchange their preliminary proposed
    construction of each claim term, phrase or clause which
    the parties collectively have identified for claim
    construction purposes. Also, during the meet and confer
    process, the parties agree to cooperate and attempt to
    narrow outstanding issues including identification of
    extrinsic evidence that the parties believe would be
    useful to support their respective claim constructions.

5.  On or before **March 29, 2006**, the parties shall disclose
    whether they propose to call one or more witnesses,
    including experts at the Markman hearing, the identity
    of each such witness and for each expert, a summary
    of each opinion to be offered in sufficient detail to
    permit a meaningful deposition of that expert.

6.  On or before **April 12, 2006**, Arrow shall file an
    opening claim construction brief. Spire shall file its
    responsive brief on or before **May 10, 2006**. Arrow shall
    file its reply brief, if any, on or before **May 24,
    2006**. The court will hold a claim construction hearing
    on **JUNE 20, 2006 AND JUNE 21, 2006 FROM 2:00 PM TO 4:30
    PM** in Courtroom 1 on the 3rd floor before Hon. Douglas
    P. Woodlock, U.S.D.J.

7.  All expert witnesses on an issue for which a party
    bears the burden of proof shall be designated by **July
    31, 2006**.

8.     All fact discovery including fact depositions shall be completed by **August 31, 2006**.

9.     Reports from retained experts under Rule 26(a)(2) will be due from the party bearing the burden on a particular issue by **September 28, 2006** with rebuttal reports due by **November 10, 2006**. All expert depositions to be completed by **November 30, 2006**. Supplementations under Rule 26(e) are due no later than **30 days before trial**. Arrow and Spire shall be limited to three experts without leave of court or agreement of the parties.

**II. Motions**

1.     All discovery motions shall be filed by **July 31, 2006**.

2.     All motions for summary judgment shall be filed by **January 11, 2007**.

All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings.  Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record.  The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery, join other parties, amend the pleadings or file motions.  The Court may then enter a final scheduling order, if necessary.

Counsel are encouraged to seek an early resolution of this matter.  Additional case management conferences may be scheduled by the court or upon the request of counsel, if the Court can be of assistance in resolving preliminary issues or in settlement.

By the Court,

/s/ Michelle Rynne
Deputy Clerk

DATED:  September 27, 2005