UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARROW INTERNATIONAL, INC. and ARROW INTERNATIONAL INVESTMENT CORP., <br><br>Plaintiffs, <br><br>v. <br><br>SPIRE BIOMEDICAL, INC., <br><br>Defendant. | C.A. No. 05-CV-10671-DPW |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7.2, the parties wish to limit disclosure of confidential business information which will be revealed during discovery in this action.

Therefore, it is hereby stipulated and ordered that the following procedure shall govern the production and use of documents produced during discovery in this action:

1.  Any party in this action or any third party to whom a subpoena is issued in this action ("Producing Party") shall have the right to designate any material (including, but not limited to, exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts) which it in good faith believes comprises or contains confidential business information, including, but not limited to, trade secrets, confidential research (including market research and demographic

322564.2

information), product development, the development and creation of advertising, commercial information (including business plans and license agreements), financial information (including sales figures and advertising expenditures), customer and supplier information, or personnel information (collectively "Confidential Information") as "CONFIDENTIAL."

2. If any material which has been designated as Confidential Information:

   (a). is publicly known at the time of disclosure, as evidenced by a written document;

   (b). becomes publicly known through no fault of the recipient of the Confidential Information ("Receiving Party"), as evidenced by a written document;

   (c). can be shown by the Receiving Party by written document to be information which was in its rightful and lawful possession prior to the time of disclosure; or

   (d). is lawfully received by the Receiving Party at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party;

The Receiving Party may move the Court for removal of the "CONFIDENTIAL" designation.

3. Any document produced by a Producing Party containing information deemed confidential by that party shall be identified by the Producing Party by stamping

or otherwise clearly marking the same "CONFIDENTIAL," together with a designation identifying the Producing Party. In lieu of so marking the originals of any document or thing produced for inspection, a Producing Party may designate, in writing at or prior to the time of production, that such documents and things being inspected are confidential, and only mark "CONFIDENTIAL" the copies that are produced or exchanged for use. Any use of any such document or the information contained therein or Confidential Information otherwise elicited from a party by reason of discovery in this action shall be covered by the provisions of this Order.

4. When any third party produces Discovery Material in this matter:

   (a). Such third party may designate their Discovery Material as "CONFIDENTIAL" pursuant to this Stipulated Protective Order; and

   (b). Any party receiving Discovery Material from a third party may designate any such material as "CONFIDENTIAL" pursuant to this Stipulated Protective Order, provided that the designating party has a direct interest in placing such material under the confidentiality provisions of this Protective Order.

5. A Producing Party may designate all or part of a deposition as containing Confidential Information by so indicating on the record during such deposition, in which case the court reporter shall be directed to separately bind the confidential portion of the transcript and to clearly mark the front of the separately bound volume with the designation "CONFIDENTIAL." Alternatively, a Producing Party may designate information disclosed at such deposition as


Confidential Information by giving all other parties a written statement, within thirty days of the party's receipt of the transcript, identifying the specific pages and lines of the transcript which contained Confidential Information. During such thirty day period, the entire deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

6. During any deposition that includes testimony which is confidential, any and all individuals who are not entitled to access to said information may be excluded from that portion of the deposition.

7. Materials marked "CONFIDENTIAL" shall be available only to (i) outside counsel (including all attorneys at the same law firm) to the parties who have entered an appearance in this action, including their employees; (ii) court personnel, court reporters, printers, and other service providers to counsel who are advised of the confidential nature of the information; and (iii) Experts qualified under Paragraph 7 of this order with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of assisting in the prosecution of this action, but shall not include any employee, licensee or consultant, officer or agent of a party; except by agreement of the parties hereto.

8. All information received by persons identified in Paragraph 6 of this Order pursuant to pretrial discovery in this action, which is designated by the Producing Party as containing Confidential Information, shall be retained in secrecy and shall not be disclosed to any other person. Solely for the purpose of this action, any such Confidential Information may be disclosed by counsel for the Receiving

Party to not more than three Experts requested by counsel to assist in the preparation of this action for trial. Such Expert(s) shall, in a written instrument delivered to counsel for the Producing Party at least ten days prior to receiving any of the Producing Party's Confidential Information, acknowledge that they are fully familiar with the terms of this Order and that they agree to comply with and be bound by this Order, including any modifications of this Order by the Court. If the Producing Party objects to the disclosure of Confidential Information to a designated Expert within such ten day period, the Receiving Party may not disclose any Confidential Information to such Expert pending a decision by the Court as to the disclosure. The Producing Party shall have no more than thirty days from notice to seek a Court Order preventing disclosure to such Expert. If the Producing Party fails to make a motion within the thirty day period, the Receiving Party may disclose the Confidential Information to such Expert.

9. The inadvertent production of Designated Materials, regardless of whether or not they have been expressly so designated, shall not waive any protection for such document or information under this Stipulated Protective Order. If a party inadvertently discloses any Confidential Information without designating it as "CONFIDENTIAL," the disclosing party shall, upon discovery of such inadvertent disclosure, promptly inform the receiving party in writing, and the receiving party shall thereafter treat the information as Confidential Information under this Protective Order. To the extent that the receiving party provided the inadvertently disclosed information to persons other than authorized persons described in this Protective Order, the Receiving Party shall make every

reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to nonauthorized persons. If a party through inadvertence produces or provides discovery which it believes is subject to the attorney-client privilege or work-product immunity doctrine, the producing party may, within thirty (30) days of such production, give written notice to the receiving party(ies) that the document or thing is subject to a claim of attorney-client privilege or work-product immunity and request that the document or thing be returned to the producing party. The Receiving Party(ies) shall return to the Producing Party such documents or thing. Return of the document or thing to the Producing Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to the attorney-client privilege or work-product immunity doctrine nor shall it foreclose any party from seeking an order from the Court that the assertion of privilege is not proper for any reason other than a waiver caused by inadvertent production.

10. The Receiving Party shall maintain all Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information.

11. Pursuant to Local Rule 7.2, the parties shall file a motion for impoundment contemporaneously with the filing of any pleading or document containing Confidential Information. The Clerk of this Court is directed to maintain under seal all documents and materials designated, in whole or in part, as CONFIDENTIAL until the Court has ruled on the motion for impoundment.

Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

12. Within sixty days after conclusion of this action and any appeal thereof, any documents and all reproductions of documents produced by a party shall be returned, or at the option of the Producing Party destroyed by Counsel, except as this Court may otherwise order to the extent such information was used as evidence. Any party destroying documents pursuant to this Stipulated Protective Order shall certify in writing to the producing Person that such destruction took place. As far as the provisions of any Protective Orders entered in this action restrict the communication and use of the documents produced thereunder, such Orders shall continue to be binding after the conclusion of this action, except that there shall be no restriction on documents that are used as exhibits in open Court.

13. (a) This Order shall be without prejudice to any party bringing before the Court at any time the question of whether any particular information is or is not, in fact, confidential. In the event of any such dispute, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by the production of redacted copies. Upon a hearing or motion on such dispute, the party asserting confidentiality shall have the burden of proving same.
(b) This Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek modification by the Court of any of the terms of this Order.

14. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to their client with respect to this action and, in the course thereof, referring to or relying in a general way upon their examination of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with their client, Counsel shall not disclose the contents or the source of any Confidential

Information produced by another party herein which disclosure would be contrary to the terms of this Order.

Dated: January 30, 2006

_____
Brian E. Whiteley (BBO #555683)
C. Alex Hahn (BBO #634133)
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 227-5725
Facsimile: (617) 722-6003

-and-

Kenneth P. George (*Pro Hac Vice*)
Ira E. Silfin (*Pro Hac Vice*)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001

*Attorneys for Plaintiffs Arrow International, Inc. and Arrow International Investment Corp.*

Dated: January 24, 2006

_____
Thomas J. Engellenner (BBO #154460)
Daniel J. Gleason (BBO #194900)
Michelle Chassereau Jackson (BBO# 654825)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Telephone: (617) 439-2000
Facsimile: (617) 310-9000

*Attorneys for Defendant Spire Biomedical, Inc.*

-9-

# ORDER

So ORDERED AND SIGNED this _____ day of _____,
2006.

_____

                                                                                    _____
                                                                                    DOUGLAS P. WOODLOCK
                                                                                    UNITED STATES DISTRICT JUDGE

1468560.2