### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

– – – – – – – – – – – – – – – – – – –x

ARROW INTERNATIONAL, INC., and : 
ARROW INTERNATIONAL INVESTMENT : 
CORP., :     Civil Action No.:  05-10671 DPW
               Plaintiffs, : 
             :     ECF Case
        v. : 
             : 
SPIRE BIOMEDICAL, INC., : 
             : 
             Defendant. : 

– – – – – – – – – – – – – – – – – – –x

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37(a), plaintiffs Arrow International, Inc. and Arrow International Investment Corp. (collectively, "Arrow") move for an order compelling defendant Spire Biomedical, Inc. ("Spire") to produce documents.

This is an action for patent infringement under 35 U.S.C. § 271 filed on April 5, 2005, alleging that the use of Spire's Pourchez RetrO™ High Flow Kink-Resistant Catheter infringes a patent owned by Arrow International Investment Corp. and exclusively licensed to Arrow International, Inc.

On July 26, 2005, Arrow served an initial set of discovery requests on Spire.  Spire served its response and objection on September 8, 2005. (A true and accurate copy Spire's response is attached as Exhibit 1). After conferring regarding the scope of Spire's objections, Spire's counsel agreed in a letter dated January 9, 2006 to produce several categories of documents to which it had asserted objections and to produce documents deemed confidential upon entry of a Protective Order. (A true and accurate copy of the January 9 letter is attached as Exhibit 2.)

The Court entered the Protective Order on January 30, 2006 (Docket Entry 17) but counsel for Spire has, without basis, refused to make the documents referenced in its January 9 letter available.

WHEREFORE, for the foregoing reasons, plaintiffs Arrow International, Inc. and Arrow International Investment Corp. respectfully request that the Court issue an order compelling defendant Spire Biomedical, Inc. ("Spire") to make immediately available for inspection and copying all responsive documents.

ARROW INTERNATIONAL, INC. and
ARROW INTERNATIONAL INVESTMENT
  CORP.,

By their attorneys,


/s/ Brian E. Whiteley
Brian E. Whiteley (BBO #555683)
C. Alex Hahn (BBO #634133)
SCIBELLI, WHITELEY
  AND STANGANELLI, LLP
50 Federal Street, 5th Floor
Boston, MA 02110
Telephone:  (617) 227-5725
Facsimile:  (617) 722-6003


Kenneth P. George (*Pro Hac Vice*)
Ira E. Silfin (*Pro Hac Vice*)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone:  (212) 336-8000
Facsimile:  (212) 336-8001

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I hereby certify that, on January 31, 2006, counsel conferred by telephone in an effort to resolve or narrow the issues presented by this motion.

/s/Brian E. Whiteley
Brian E. Whiteley

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 1, 2006, I caused a true copy of the above document to be filed and served electronically upon the following counsel:

Thomas J. Engellenner
Daniel J. Gleason
Michelle Chassereau Jackson
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Telephone:  (617) 439-2000
Facsimile:  (617) 310-9000

*Attorneys for Defendant Spire Biomedical, Inc.*

/s/Brian E. Whiteley
Brian E. Whiteley

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

– – – – – – – – – – – – – – – – – –x

ARROW INTERNATIONAL, INC., and    :
ARROW INTERNATIONAL INVESTMENT  :
CORP.,                            :    Civil Action No.:  05-10671 DPW
                Plaintiffs,    :
                                  :    ECF Case
                                  :
      v.                          :
                                  :
SPIRE BIOMEDICAL, INC.,           :
                                  :
                Defendant.     :

– – – – – – – – – – – – – – – – –x

## DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Pursuant to Fed. R. Civ. P. 34, defendant Spire Biomedical, Inc. ("Spire") hereby

responds to Plaintiffs Arrow International, Inc. and Arrow International Investment Corp.'s

(together "Arrow") First Set of Document Requests (the "First Request") as follows:

## GENERAL OBJECTIONS

Spire states that the General Objections, as defined in this section, apply to the First

Request in its entirety.

1.    Spire objects to the First Request to the extent that it seeks to impose obligations

and duties beyond those required under the Federal Rules of Civil Procedure.  Subject to the

other objections stated herein and except as otherwise noted, Spire will produce documents

consistent with its obligations under the Federal Rules of Civil Procedure.

2.    Spire objects to the First Request to the extent that it seeks production of

documents subject to the attorney-client privilege, work-product immunity doctrine, joint

defense privilege or that are otherwise not subject to discovery under the Federal Rules of
Civil Procedure. Subject to the other objections stated herein and except as otherwise noted,
Spire will only produce documents not protected by the attorney-client privilege or work-
product immunity doctrine. Should any such production by Spire occur, it is inadvertent and
shall not constitute a waiver of any privilege or of any other ground for objecting to discovery
with respect to such documents or any other documents, or any parts thereof, or of Spire's
rights to object to the use of such documents or parts thereof in this litigation.

3.      Spire objects to the First Request to the extent that it seeks the production of
documents that are not within Spire's possession, custody or control, or that have not yet come
into existence, and thus is overly broad and unduly burdensome, and not reasonably calculated
to lead to the discovery of admissible evidence. Subject to the other objections stated herein
and except as otherwise noted, Spire will only produce documents that are within its
possession, custody or control.

4.      Spire objects generally to the First Request as overly broad and unduly
burdensome to the extent that it seeks production of documents not reasonably related to any of
the claims alleged in the Complaint and are therefore not relevant or reasonably calculated to
lead to the discovery of admissible evidence. Subject to the other objections stated herein and
except as otherwise noted, Spire will only produce documents that are reasonably related to the
claims alleged in the Complaint.

5.      In the First Request, Arrow seeks production of trade secret and/or confidential
technical, financial, and business information, and any such documents Spire agrees to product

will be produced only subject to an appropriate stipulation and order to govern the production of confidential material.

6.    Spire objects to the First Request to the extent that it implies or presupposes that the documents that are produced constitute "all documents" that existed during the relevant time period.  Spire will produce only those documents currently in its possession, custody or control and makes no representation as to whether the documents produced constitute "all documents" that exist or have existed.  Further, Spire does not purport to have knowledge of "all documents" that are the subject of each request.

7.    Spire objects to the First Request to the extent that it seeks "all documents" concerning broad and poorly defined subject-matters on the grounds that such requests do not describe with reasonable particularity the documents requested and are as such overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, Spire will use reasonable diligence to locate responsive documents, based on a search of those files that may be reasonably expected to contain such documents, and will produce, subject to other objections stated herein, the non-privileged, responsive documents located in that search.

8.    Spire reserves the right to rely at the time of trial, or in other proceedings in this action, upon documents and evidence in addition to those provided in response to the First Request regardless of whether, *inter alia*, any such documents or evidence are newly discovered or are currently in existence.

9.      Subject to the above stated objections, and without waiving any of them, Spire will make available the documents it has agreed to produce in response to the First Request for Arrow's inspection.  In the alternative, Spire will provide copies of these documents to Arrow at Arrow's cost and expense.  Arrow's counsel should contact counsel for Spire to negotiate the terms of a protective order and to arrange a mutually agreeable method of producing these documents.

10.     Spire's objections herein relate to Arrow's requests and not to whether any responsive documents in fact exist.  Arrow should not construe any objection herein as evidence that documents responsive to the objected request exist, or are in Spire's possession, custody or control.

11.     All objections as to relevance, authenticity or admissibility are expressly reserved.

12.     Counsel for Spire is prepared to discuss the objections presented herein with counsel for Arrow for the purpose of resolving any disputes that may arise without the need for intervention by the Court.

13.     Arrow's counsel should contact counsel for Spire to negotiate the production and exchange of privilege logs at a mutually convenient time and place.

14.     Spire will produce documents dating from March 29, 2005 to the date of the First Request.

## SPECIFIC REQUESTS AND RESPONSES

**Request No. 1:**

All documents concerning the design and development of the Pourchez RetrO.

**Response No. 1:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad and unduly burdensome. Subject to and without waiver of these objections, Spire will produce responsive, non-privileged documents in its possession, custody, or control after the entry of a mutually agreeable protective order.

**Request No. 2:**

All documents concerning the manufacture of the Pourchez RetrO.

**Response No. 2:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad and unduly burdensome. Subject to and without waiver of these objections, Spire will produce responsive, non-privileged documents in its possession, custody, or control that are sufficient to establish the quantity and timing of the production of the Pourchez RetrO, after the entry of a mutually agreeable protective order.

**Request No. 3:**

All documents concerning the sale or offer for sale of the Pourchez RetrO.

**Response No. 3:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad and unduly burdensome. Subject to and without waiver of these objections, Spire will produce responsive, non-privileged documents in its possession, custody, or control dated after March 29, 2005, after the entry of a mutually agreeable protective order.

**Request No. 4:**

All documents concerning the use of the Pourchez RetrO.

**Response No. 4:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad, vague, and unduly burdensome.  Subject to and without waiver of these objections, Spire will produce responsive, non-privileged documents in its possession, custody, or control after the entry of a mutually agreeable protective order.

**Request No. 5:**

A chart or charts showing the organization of Spire, particularly with respect to the individuals involved with the Pourchez RetrO.

**Response No. 5:**

Subject to and without waiver of the General Objections, Spire will produce documents in its possession, custody, or control sufficient to determine its officers and directors, as well as the managers of the research and development, marketing, and sales of the Pourchez retro.

**Request No. 6:**

Any documents concerning right-to-use searches regarding the Pourchez RetrO.

**Response No. 6:**

In additional to the General Objections, Spire objects on the basis that this request seeks information protected by the attorney-client privilege and work-product immunity doctrine. Spire also objects to this request on the basis that the phrase "documents concerning right-to-use searches" is vague. Spire will interpret this request as seeking documents commissioned in the nature of clearance of the patent for the Pourchez RetrO.  Answering further, Spire states that it has no responsive, non-privileged documents in its possession, custody, or control.

**Request No. 7:**

All opinions of counsel concerning the Pourchez RetrO.

**Response No. 7:**

In additional to the General Objections, Spire objects on the basis that this request seeks

information protected by the attorney-client privilege and work-product immunity doctrine.

Subject to and without waiver of these objections, Spire states that it has no responsive, non-

privileged documents in its possession, custody, or control.

**Request No. 8:**

Any documents concerning United States Patent No. 6,872,198, United States Patent
No. 6,638,242, or any related patents or applications, including prior art, search reports, and
studies.

**Response No. 8:**

In additional to the General Objections, Spire objects on the basis that this request seeks

information protected by the attorney-client privilege and work-product immunity doctrine.

Subject to and without waiver of these objections, Spire will produce responsive, non-

privileged documents in its possession, custody, or control.

**Request No. 9:**

Documents sufficient to show (a) monthly sales volume in dollars and units, (b) costs,
and (c) profits associated with the Pourchez RetrO.

**Response No. 9:**

In addition to the General Objections, Spire objects to this request on the basis that it is

overly broad, vague, ambiguous, and unduly burdensome. Subject to and without waiver of

these objections, Spire will produce documents sufficient to determine monthly sales volume in

dollars and units, costs, and profits associated with the Pourchez RetrO in its possession,

custody, or control dated after March 29, 2005, after the entry of a mutually agreeable

protective order.

**Request No. 10:**

    All license agreements covering medical products.

**Response No. 10:**

    In addition to the General Objections, Spire objects to this request on the basis that it is

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Spire also objects to this request because it calls for documents that are

irrelevant to the subject matter of this lawsuit.

**Request No. 11:**

    All documents concerning Spire's development program referred to in the April 29,
2005 letter from Thomas J. Engellenner, Esq. of Nutter, McClennen & Fish, LLP to Kenneth
P. George.

**Response No. 11:**

    In addition to the General Objections, Spire objects to this request on the basis that it is

overly broad and unduly burdensome. Spire also objects on the basis that this request seeks

information protected by the attorney-client privilege and work-product immunity doctrine.

Spire further objects to this request because it is duplicative of Request No. 1.

**Request No. 12:**

    All documents concerning the "independent development activities of Spire with respect
to the technology" referred to in the April 29, 2005 letter from Thomas J. Engellenner, Esq.
of Nutter, McClennen & Fish, LLP to Kenneth P. George.

**Response No. 12:**

In addition to the General Objections, Spire objects to this request on the basis that it is

overly broad and unduly burdensome.  Spire also objects on the basis that this request seeks

information protected by the attorney-client privilege and work-product immunity doctrine.

Spire further objects to this request because it is duplicative of Request No. 1.

**Request No. 13:**

All documents supporting the allegation that "Diatek was well aware of Spire's product
when it filed its 'CIP patent application in 2002." (See April 29, 2005 letter from Thomas J.
Engellenner, Esq. of Nutter, McClennen & Fish, LLP to Kenneth P. George.)

**Response No. 13:**

In addition to the General Objections, Spire objects to this request on the basis that it is

overly broad, vague, and unduly burdensome.  Spire also objects on the basis that this request

seeks information protected by the attorney-client privilege and work-product immunity

doctrine.  Subject to and without waiver of these objections, Spire will produce responsive,

non-privileged documents in its possession, custody, or control after the entry of a mutually

agreeable protective order.

**Request No. 14:**

All "intermediate references – those with publication dates between the January 2001
priority date claimed by Diatek and the August 2002 filing date of the patent-in-suit." (See
April 29, 2005 letter from Thomas J. Engellenner, Esq. of Nutter, McClennen & fish, LLP to
Kenneth P. George.)

**Response No. 14:**

In addition to the General Objections, Spire objects to this request on the basis that it is

overly broad, vague, and unduly burdensome.  Spire also objects to this request because it is

duplicative of Request No. 8.

**Request No. 15:**

All patents and patent applications directed to the Pourchez RetrO catheter system.

**Response No. 15:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad and unduly burdensome.  Subject to and without waiver of these objections, Spire will produce responsive, non-privileged documents in its possession, custody, or control after the entry of a mutually agreeable protective order.

**Request No. 16:**

All documents and things concerning the Schon Chronic Dialysis Catheter manufactured and sold by Angio Dynamics.

**Response No. 16:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad, unduly burdensome.  To the extent that responsive, non-privileged documents exist, Spire also objects to this request because it is duplicative of Request No. 8.

**Request No. 17:**

All documents concerning redesign options "that would draw even clearer distinctions as the '198 Patent claims."  (See April 29, 2005 letter from Thomas J. Engellenner, Esq. of Nutter, McClennen & Fish, LLP to Kenneth P. George.)

**Response No. 17:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad, vague, and unduly burdensome.  Spire also objects on the basis that this request seeks information protected by the attorney-client privilege and work-product immunity doctrine.

**Request No. 18:**

All documents concerning the retrograde tunneling of hemodialysis catheters.

**Response No. 18:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Spire also objects to this request because it calls for documents that are irrelevant to the subject matter of this lawsuit. To the extent that responsive, non-privileged documents exist, Spire further objects to this request because it is duplicative of Request No. 8.

**Request No. 19:**

All documents regarding sales and marketing of the Pourchez RetrO.

**Response No. 19:**

In addition to the General Objections, Spire objects to this request on the basis that it is overly broad and unduly burdensome. Spire also objects to this request because it is duplicative of Request Nos. 3 and 9.

SPIRE BIOMEDICAL, INC.,

By its attorneys,

Daniel J. Gleason (BBO # 194900)
Thomas J. Engellenner (BBO # 154460)
Michelle Chassereau Jackson (BBO # 654825)
NUTTER, McCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA   02210-2604
Telephone 617-439-2000
Facsimile 617-310-9000

Dated:  September 8, 2005

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on this day a true copy of the above document was served upon the attorneys of record for each party by mail/by hand.
Date: 9/8/05 Michelle C. Jax

# ◥ Nutter

DISTRIBUTED

**Daniel J. Gleason**
Direct Line:  617-439-2233
Fax:  617-310-9233
E-mail:  dgleason@nutter.com

January 9, 2006
101430-202



RECEIVED
JAN 13 2006
AMSTER ROTHSTEIN & EBENSTEIN, LLP

Ira E. Silfin, Esquire
Amster Rothstein & Eberstein LLP
90 Park Avenue, 21st Floor
New York, NY  10016

Re:    Arrow v. Spire - CA 05-10671 DPW

Dear Ira:

        With respect to our discussion on Wednesday, January 4, 2006 concerning the Protective Order and certain objections to your discovery requests, I can confirm the following:

- We will agree to your proposal regarding the inadvertent disclosure clause in the Protective Order.  If a producing party discovers inadvertent disclosure of privileged documents or documents subject to the work product immunity doctrine and notifies the receiving party in writing within thirty (30) days, the documents will be returned. Please find enclosed a revised copy of the Protective Order reflecting this proposal.

- As to the issue you raised with General Objection No. 14, Spire agrees to produce responsive, non-privileged documents dated prior to March 29, 2005 concerning design, development and manufacture of the Pourchez RetrO catheter.  Additionally, documents responsive to your Request No. 9 will not be limited by the March 2005 date.  Nevertheless, the March 29, 2005 date continues to apply to the search and production of sales and use information since Arrow can not claim damages prior to the issuance of the '198 patent.

- As to your Request No. 2, Spire agrees to expand its search to look for documents sufficient to indicate where and by whom the Pourchez RetrO catheter is manufactured.

- As to your Request No. 6, Spire agrees to produce non-privileged patent searches for retrograde catheters in connection with the Pourchez RetrO catheter. (We assume

Nutter McClennen & Fish LLP ▪ Attorneys at Law

World Trade Center West ▪ 155 Seaport Boulevard ▪ Boston, MA 02210-2604 ▪ 617-439-2000 ▪ Fax: 617-310-9000 ▪ www.nutter.com

Ira E. Silfin, Esquire
January 9, 2006
Page 2

N

Arrow will be producing similar documents concerning the Wilson Family of Patents
pursuant to Defendant's Document Requests Nos. 17-22.)

- As to your Request No. 10, we still believe that the request as stated is overly broad.
  Nevertheless, we will produce relevant license agreements.

- As to your Requests Nos. 11-14, in each of which you quote from Mr. Engellenner's
  April 29, 2005 letter, Spire will search for such non-privileged documents that concern
  these categories and will produce any documents, relevant to Requests Nos. 11-14, that
  may not have been covered by other Requests.

- As to your Request No. 16, documents concerning the Schon chronic dialysis catheter
  manufactured and sold by Angio Dynamics were enclosed in Mr. Engellenner's April
  29, 2005. Other relevant, non-privileged documents will be produced pursuant to
  Request No. 8.

- As to your Request No. 18, we continue to object that this request is overly broad,
  unduly burdensome and not reasonably calculated to lead to the discovery of admissible
  evidence. Notwithstanding, we advise that relevant, non-privileged documents within
  Spire's control that concern the retrograde tunneling of hemodialysis catheters are being
  produced as part of the response to Requests Nos. 1, 4 and 8.

- As to your Request No. 19, Spire agrees to produce responsive marketing materials.

  We do not waive any privileges applying to documents referred to herein.

  Most of these documents are ready for inspection once the Protective Order is executed
and entered by the Court. We plan to meet again with the client, as to areas expanded by this
response, on Friday and will get back to you then. I do not expect that any additional searches
will require a substantial amount of extra time.

                                        Yours very truly,

                                        Daniel J. Gleason

DJG:hbr
Enclosure


1494904.1