UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARROW INTERNATIONAL, INC. and ARROW INTERNATIONAL INVESTMENT CORP., Plaintiffs, v. SPIRE BIOMEDICAL, INC., Defendant. | ) ) ) ) ) ) ) ) C.A. No. 05-CV-10671-DPW ) ) ) ) ) ) |

**EXPEDITED MOTION TO STAY CONSIDERATION OF DEFENDANT SPIRE BIOMEDICAL INC.'S MOTION FOR SUMMARY JUDGMENT PENDING REVIEW BY THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Plaintiffs Arrow International, Inc. and Arrow International Investment Corp.

(collectively, "Arrow") hereby move the Court for an expedited order staying the Motion for

Summary Judgment filed by Defendant Spire Biomedical, Inc. The issue raised by Spire's

Motion will be decided by the United States Patent and Trademark Office, and, under the

doctrine of primary jurisdiction, this Court should defer to the Patent Office on an issue uniquely

within that office's purview.[1]

Counsel for Arrow certifies that it has conferred with Spire's counsel in an effort to

narrow or resolve the issue raised by this motion.

---

[1] In the alternative, Arrow seeks an extension to April 28, 2006 to respond to the summary judgment motion. The extension is necessary to avoid disrupting the existing Scheduling Order (which requires Arrow to submit its opening claim construction brief on April 12, 2006) and to accommodate the Passover holiday immediately following the claim construction brief).

337455.2

## BACKGROUND

On March 22, 2006, Spire filed a Motion for Summary Judgment of Invalidity Due to

Abandonment.  Approximately two hours before filing the motion, Spire's counsel called Ira E.

Silfin, lead counsel for Arrow in an attempt to comply with the requirement of Local Rule

7.1(A)(2) to confer in good faith to resolve or narrow the issues raised by the motion.  Spire's

counsel described generally the basis for the summary judgment motion; Arrow's counsel was

surprised since Spire had not previously articulated this issue as a defense in this case and was

not otherwise aware of it.

The basis of Spire's motion is an uncommon procedure in the Patent Office covered by

35 U.S.C. § 122(b)(2)(B)(iii). [2]  Section 122(b) was enacted in 1999 to require the publication of

pending United States patent applications.  A patent applicant may elect to avoid publication of

its application if the applicant party does not intend to seek foreign rights.  35 U.S.C. §

122(b)(2)(B)(i).

In the present case, Arrow's predecessor, Diatek, apparently did not plan to seek foreign

rights when it initially filed the application for the patent-in-suit on August 30, 2002.  Therefore,

it filed a request in the United States Patent Office that the application not be published.

Subsequently, the application for the patent-in-suit was sold to Arrow, and Arrow replaced the

prosecuting attorneys.  As is Arrow's standard practice, foreign rights were sought.  Arrow filed

an application under the Patent Cooperation Treaty (PTC) with the United States Patent Office

on August 28, 2003.  Spire contends that Arrow has failed to comply with section

122(b)(2)(B)(iii), which allows an applicant to notify the Patent Office of such filing up to 45

days after filing for foreign patent rights.  The consequence for failing to give such notice is

---

[2] As noted in footnote 4 of Spire's Memorandum in support of its Summary Judgment Motion, there appears to be no case law under this statute.

abandonment of the application.  The issue of whether the Patent Office received notice of

Arrow's application for foreign rights is one of the genuine issues of material fact in dispute.

However, instead of addressing this issue by way of litigation, the statute provides a

remedy for an applicant or patent owner who fails to provide notice.  The last clause of section

122(b)(2)(B)(iii) provides that abandonment can be avoided if "it is shown to the satisfaction of

the Director [of the Patent Office] that the delay in submitting the notice was unintentional."

The Patent Office has a procedure in place for addressing such issues.  Under 37 C.F.R. §

1.137(f), a patent owner may petition the Patent Office to revive an abandoned application.

Arrow filed a petition on March 23, 2006, the day after this matter was brought to its attention,

along with a Rescission of Previous Nonpublication Request.  A copy of the petition is attached

as Exhibit A.  This petition seeks a determination by the Patent Office of the status of the patent,

and if the application is considered abandoned, revival of the application (now patent).[3]

## ARGUMENT

By this motion, Arrow seeks to have Spire's Summary Judgment Motion stayed under the

doctrine of primary jurisdiction.

As stated in *Pejepscot Indus. Park v. Me. Cent. R.R. Co.*, 215 F.3d 195, 205 (1st Cir.
2000),

> [The First Circuit] relies on three factors to guide the decision on whether
> to refer an issue to an agency under the primary jurisdiction doctrine:(1) whether
> the agency determination lies at the heart of the task assigned the agency by
> Congress; (2) whether agency expertise is required to unravel intricate, technical
> facts; and (3) whether, though perhaps not determinative, the agency
> determination would materially aid the court. *Massachusetts v. Blackstone Valley
> Elec. Co.,* 67 F.3d 981, 992 (1st Cir 1995) (quoting *Mashpee Tribe v. New
> Seabury Corp.,* 592 F.2d 575, 580-81 (1st Cir 1979)) (alterations in original).

---

[3] The Patent Office has no fixed time period to decide this petition, but Arrow estimates that it will take three
months.  Arrow has expedited the petition by faxing it directly to the petitions branch.  We note that had Spire
brought this issue to Arrow's attention sooner, for example by disclosing it in response to Arrow's interrogatories,
Arrow would have petitioned the Patent Office earlier.

*Pejepscot Indus. Park v. Me. Cent. R.R. Co.*, 215 F.3d 195, 205 (1st Cir. 2000).  This case clearly meets these requirements.

First, the issue raised is one squarely within the role assigned to the Patent Office by Congress.  The Patent Office has responsibility for examining patent applications and issuing patents.  Specifically, Congress has given the Patent Office the authority to determine whether an application has been abandoned as set forth in 35 U.S.C. § 122(b)(2)(B)(iii).

Second, the Patent Office is best able to determine the issue raised by Spire's motion. The central issue is whether the Patent Office received notice of Arrow's application for foreign patent rights.  Certainly this is something which the Patent Office is best able to determine.  If the Patent Office determines that it did not receive the required notice, the determinative issue is whether the Director of the Patent Office is satisfied that Arrow's delay was unintentional. Again, this is something which the Patent Office is best able to decide.

Third, the Patent Office's determination will resolve this issue.  While such determination is reviewable by this Court, it is reviewed to determine only whether it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

Arrow notes that there are three possible determinations from the Patent Office:

 (1)  Notice of an application for foreign rights was given and the application for the patent in suit was not abandoned;

(2)  Alternatively, the Patent Office may determine that notice was not properly given, but the delay was unintentional.  Therefore, Arrow's petition should be granted reviving the application; or

(3)  As Spire contends, notice was not given and the Patent Office finds that Arrow intentionally delayed.

Under the first two possibilities, the underlying facts relevant to Spire's Motion will change and the standard of review will be whether the Patent Office determination was

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under the third possibility, Arrow would have the right to administrative appeals up through the United States Court of Appeals for the Federal Circuit or even the Supreme Court of the United States.

## CONCLUSION

Because the Patent Office is the administrative agency, that has the authority to decide the issue raised by Spire's Motion, under the doctrine of primary jurisdiction, Arrow respectfully requests that this Court stay Spire's Motion.

## ALTERNATIVE RELIEF

Alternatively, Arrow seeks additional time to respond to Spire's Motion. Arrow's response is currently due on April 7, 2006 (fourteen days from Spire's last submission on the motion).[4] Pursuant to the Scheduling Order, Arrow has an opening claim construction brief due on April 12. Arrow respectfully requests additional time in order to avoid having to prepare both briefs simultaneously. Because the Passover holiday immediately follows Arrow's claim construction brief, Arrow requests that, if this motion is denied, its opposition brief be due on April 30, 2006.

---

[4] Arrow requested an extension to April 28 pending the Court's determination of this motion but Spire refused, offering instead to extend the deadline for the opening claim construction brief. Spire based its refusal on the purportedly "time sensitive" nature of its summary judgment motion notwithstanding the fact that there is obviously nothing "time sensitive" about it. Extending the claim construction filing is not an acceptable proposal because it alters the Scheduling Order in place since September 27, 2005 and because, with an April 7 deadline, Arrow must in the absence of an extension, immediately begin preparing its opposition papers notwithstanding the fact that the need for an opposition may be mooted by a grant of its motion to stay.

_____/s/ Brian E. Whiteley_____
Brian E. Whiteley (BBO #555683)
C. Alex Hahn (BBO #634133)
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, 5th Floor
Boston, MA 02110
Telephone:  (617) 227-5725
Facsimile:  (617) 722-6003

-and-

Kenneth P. George (*Pro Hac Vice*)
Ira E. Silfin (*Pro Hac Vice*)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
Telephone:  (212) 336-8000
Facsimile:  (212) 336-8001

Attorneys for Plaintiffs

March 27, 2006

-7-

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1 (A)(2), I hereby certify that lead counsel for Arrow conferred with counsel for Spire in an effort to narrow or resolve the issue raised by this motion.

Dkt. No. 3600/244

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Patent No. | : | 6,872,198 B1 |
| Issued | : | March 29, 2005 |
| For | : | DOUBLE-Y-SHAPED MULTI-LUMEN CATHETER WITH SELECTIVELY ATTACHABLE HUBS |
| Patentees | : | Jon S. Wilson, et al. |
| Appl. No. | : | 10/231,748 |
| Filed | : | August 30, 2002 |
| TC/A.U. | : | 3763 |
| Examiner | : | Cris L. Rodriguez |
| Customer No.: | | 1912 |

**CERTIFICATE OF TRANSMISSION**
I hereby certify that this correspondence is being facsimile transmitted to the U. S. Patent and Trademark Office
on | March 23, 2006

Signature: *Joycelyn Giles Fenty*
Joycelyn Giles Fenty
Printed Name of Person Signing

## PETITION FOR REVIVAL OF POTENTIALLY ABANDONED APPLICATION PURSUANT TO 37 C.F.R. § 1.137(b)

Mail Stop Petitions
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

1.      I, the undersigned, am an attorney with Amster, Rothstein & Ebenstein, and prosecuted the above-identified U.S. Application No. 10/231,748 ("the Application"), that issued as U.S. Patent No. 6,872,198 on March 29, 2005.

2.      The Application was filed on August 30, 2002 by Craig H. Popalis of Womble Caryle Sandrige & Rice, PLLC.  A Nonpublication Request under 35 U.S.C. 122 (b)(2)(B)(i) was made at the time the Application was filed.

337355.1

Patent No.        :    6,872,198 B1
Patentees         :    Wilson, et al.
Issued            :    March 29, 2005
Page 2 of 3

3.      On February 21, 2003, the undersigned submitted papers to the U.S. Patent Office revoking the prior Powers of Attorney and appointing the undersigned and other attorneys at Amster Rothstein & Ebenstein LLP to prosecute the Application.

4.      On August 23, 2003, the undersigned filed a PCT International Patent Application (PCT Application No. PCT/US2003/027078) with the U.S. Patent Office claiming priority of the Application, and requested that the U.S. Patent Office transmit a certified copy of the priority Application to the International Bureau.  The PCT application was published on March 11, 2004 under International Publication No. WO 2004/020019 A2.

5.      On March 22, 2006, the undersigned learned that a third party alleged that the Application should have been abandoned under 35 U.S.C. §122(b)(2)(B)(iii) for failure to notify the U.S. Patent Office of an international filing.

6.      If the U.S. Patent Office determines that the Application should have been abandoned for failure to notify the U.S. Patent Office of an international filing (37 C.F.R. § 1.137(f)), then it is respectfully requested that the Application be revived as an unintentionally abandoned application pursuant to 37 C.F.R. § 1.137(b).  Authorization is hereby given to charge the $1500 fee pursuant to 37 C.F.R. §1.17(m) to Deposit Account No. 01-1785.

7.      The undersigned hereby certifies that if the Application should have been abandoned for failure to notify the U.S. Patent Office of an international filing, the entire delay in filing the required Notice of a foreign or international filing from the due date for the required notice until the filing of a grantable petition under 37 C.F.R. §1.137(b) was unintentional.

8.      A Rescission of Previous Nonpublication Request is attached hereto.

337355.1

Patent No.      :   6,872,198 B1
Patentees       :   Wilson, et al.
Issued          :   March 29, 2005
Page 3 of 3

 

    If any fee in addition to the $1500 Petition fee is required, authorization is hereby given to charge any such fee to Deposit Account No. 01-1785.

            Respectfully submitted,

            AMSTER, ROTHSTEIN & EBENSTEIN LLP
            Attorneys for Patentees
            90 Park Avenue
            New York, NY 10016
            (212) 336-8000

Dated:   New York, New York    By: _____
    March 23, 2006      Michael P. Kenney
            Registration No. 42,718

337355.1

Dkt. No. 3600/244

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Patent No. | : | 6,872,198 B1 |
| Issued | : | March 29, 2005 |
| For | : | DOUBLE-Y-SHAPED MULTI-LUMEN CATHETER WITH SELECTIVELY ATTACHABLE HUBS |
| Patentees | : | Jon S. Wilson, et al. |
| Appl. No. | : | 10/231,748 |
| Filed | : | August 30, 2002 |
| TC/A.U. | : | 3763 |
| Examiner | : | Cris L. Rodriguez |
| Customer No.: | | 1912 |

**CERTIFICATE OF TRANSMISSION**
I hereby certify that this correspondence is being facsimile transmitted to the U. S. Patent and Trademark Office

| on | March 23, 2006 |
|---|---|

Signature: *Joycelyn Giles Fenty*
Joycelyn Giles Fenty
Printed Name of Person Signing

## RESCISSION OF PREVIOUS NONPUBLICATION REQUEST

A request that U.S. Application No. 10/231,748 not be published under 35 U.S.C. § 122(b) (nonpublication request) was included in the application on filing pursuant to 35 U.S.C. §122(b)(2)(B(i).

I hereby rescind the previous nonpublication request.

Respectfully submitted,
AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Patentees
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:   New York, New York
         March 23, 2006

By: *Michael P. Kenney*
Michael P. Kenney

337433.1