UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------x
ARROW INTERNATIONAL, INC., and :
ARROW INTERNATIONAL INVESTMENT :
CORP.,                         :         Civil Action No.: 05-10671 DPW
                               :
            Plaintiffs,        :         ECF Case
                               :
       v.                      :
                               :
SPIRE BIOMEDICAL, INC.,        :
                               :
            Defendant.         :
------------------------------x

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND ANSWER INTERROGATORIES**

Plaintiffs Arrow International, Inc. and Arrow International Investment Corp. (collectively "Arrow") submit this memorandum in opposition to the Motion to Compel Plaintiffs to Produce Documents and Answer Interrogatories filed by defendant Spire Biomedical, Inc. ("Spire"). Spire's motion is based on a one-sided view of this litigation, ignoring Spire's grossly overbroad discovery requests, the production that Arrow has made, and the fact that not every request made by Spire has responsive documents.

Spire's arguments are simply rhetorical devices designed to make it appear as though all discovery disputes in this case stem from Arrow's purportedly improper actions while Spire does no wrong. For example, on the first page of its Memorandum, Spire alleges that Arrow has implemented "a greater delay strategy," citing an "unwarranted week-long delay" in holding a discovery conference. In fact, holding a conference a week after Spire's request for a conference is well within the allotted time under Local Rule 37.1(B). This rule allows counsel for a party up

339669.1

to two weeks after a request to hold a discovery conference.  In contrast, while Spire blames Arrow for all delays, Spire's actions consume more time.  As stated in Spire's Memorandum, counsel for the parties held discovery conferences on February 7, 2006 and March 7, 2006.  As such, by March 7, Spire was free to make the present motion, but it took Spire an additional month, until April 7, 2006, to do so.  While Arrow acted expeditiously in response to Spire's discovery concerns, Spire delayed filing its motion.

Rather than responding to all of Spire's rhetoric, Arrow will focus the remainder of this Memorandum on the actual discovery disputes.

## Background

Spire's motion neglects to provide any background information regarding this Action, or the positions of the parties.  Without this background, it is impossible to fully understand the issues being raised by Spire, and why this motion is not likely to lead to the production of any additional relevant documents or information.

This is a patent infringement action brought by Arrow against Spire alleging that the use of Spire's Pourchez RetrO high flow kink resistant catheter infringes Arrow's U.S. Patent No. 6,872,198 (the "'198 Patent").  The inventors of the '198 Patent worked for a company called Diatek.  Diatek developed a novel method for implanting chronic hemodialysis catheters.  The '198 Patent is directed to the method of inserting a catheter having a particular construction.  The inventors conceived of their invention in September 2001, and filed their patent application on August 30, 2002.  In 2003, Arrow acquired the assets of Diatek, including the rights to the then pending '198 Patent.  Neither Arrow nor Diatek has developed or sold any products within the scope of the '198 Patent.

Spire's original discovery requests were grossly over broad, seeking, for example, all documents relating to *any* medical device manufactured and sold by Arrow.  (Arrow sells hundreds of different types of medical devices.)  In response, Arrow asserted appropriate objections indicating that many of the discovery requests were overly broad, sought information which was not relevant to any claim or defense, and that responding to them would be unduly burdensome.  In the discovery conferences between counsel, Arrow's counsel explained the problems with Spire's requests and suggested reasonable limitations.  In some instances Spire's counsel agreed with the overbreadth objections and narrowed the requests; in other instances Spire's counsel refused to limit the requests.  Arrow's counsel has also kept Spire's counsel informed (by letter and telephone) as to the search for documents, including in particular, the attempts to locate Diatek's documents.  *See*, *e.g.*, Spire Ex. 5, March 16, 2006 letter.

### I.     Arrow has not withheld any non-privileged documents responsive to "Eight [*sic*] of Spire's Requests."

Spire's first section of its motion to compel argues that Arrow has not produced documents responsive to "eight of Spire's requests."  Spire then identifies only seven requests.  With respect to the seven specific requests identified by Spire, Arrow responds as follows:

Request No. 8 seeks the production of documents concerning meetings during which the subject matter of the '198 Patent was discussed.  Arrow has not located and is not aware of non-privileged documents responsive to this request.

Request No. 10 seeks the production of documents concerning communications with third parties concerning the licensing of the '198 Patent.  There have been no such communications, and, therefore, there are no documents responsive to this request.

Request No. 28 seeks internal Arrow communications regarding the '198 Patent and other "relevant patents."  Spire Mem. at 2.  Communications regarding patent applications are

protected by the attorney-client privilege, *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000), and communications regarding litigation, both potential and pending, are also privileged. Furthermore, any internal discussions regarding this lawsuit are not relevant to Spire's defense. Likewise, there are no relevant, non-privileged documents relating to the '198 Patent or the other "relevant patents."

Request No. 29 seeks communications between Arrow and others regarding the '198 and other "relevant patents." The only non-privileged communications regarding the '198 Patent are to Spire, Spire's counsel, and the Court. The subject matter of the other patents is different from the subject matter of the '198 Patent. Therefore, communications regarding the other patents are not relevant to Spire's defenses.

Request No. 35 seeks design and development documents for products covered by the '198 Patent. Arrow has not designed or developed any products covered by the '198 Patent, and, therefore, has no responsive documents. Spire's Memorandum claims that this requests covers not only the '198 Patent, but also other "relevant" patents. This argument is contrary to the agreement reached by the parties during the February 7 discovery conference which limited this request to the '198 Patent. See Spire Ex. 5, February 13, 2006 letter at 2.

Request No. 43 asks for production of documents identified by Arrow in its initial disclosures. Such documents have been produced.[1]

Request No. 44 seeks production of documents supporting the allegations in the complaint. Such documents have been produced.[2]

---

[1] Documents responsive to request no. 43 included production numbers: AI 800000 - AI 803172; AI 803173 - AI 803576; AI 803577 - AI 803578; AI 803579 - AI 803587; AI 803586 - AI 803908; AI 803909 - AI 803914; AI 803915 - AI 804094; AI 804095 - AI 804101; AI 804102 - AI 804345; AI 804346 - AI 804347; AI 804348 - AI 804350; AI 804351; AI 804351 - AI 804524; AI 804525 - AI 804530; AI 804531 - AI 804817; AI 804818 - AI 804823; AI 804824 - AI 805444; AI 805445 - AI 805451; AI 805452 - AI 805671; AI 805672 - AI 805677; AI 805678 - AI 805740; and AI 805741 - AI 805743.

**II.     Arrow's General Approach to Discovery Has Been to Comply With the Rules**

Spire's next section is nothing more than a general complaint. Spire faults Arrow for making "six separate and partial productions." However, had Arrow not produced any documents until they had all been collected, Spire would have complained about Arrow's delay in producing documents. In addition, Arrow has complied with Fed. R. Civ. P. 26(b)(5) and has produced a privilege log.[3] As this section of Spire's Memorandum does not appear to seek any specific relief, Arrow sees no need to make any further response.

**III.     Arrow Maintains Its Objections to Spire's Overly Broad Requests**

The remainder of Spire's Motion is directed to requests and interrogatories which are grossly overbroad, seek information which is not relevant, and which would be burdensome for Arrow to respond. Arrow has asserted appropriate objections to these requests and interrogatories.

**A.     Requests 4, 5, and 26**

These three requests all seek production of documents relating to all communications between Spire and Arrow or Diatek. The only time limitation is in Request No. 4, which covers an eight-year period. There is no limit as to subject matter. Contrary to Spire's Memorandum, these requests are not limited to "prior to the time Spire was designing its own product." Spire Mem. at 4. Spire also claims to have offered to limit the requests both "temporally (1998 through 2002) and by subject matter." However, no such offer was ever made by Spire. This is

---

[2] AI 800000 - AI 803172; AI 803173 - AI 803576; AI 803577 - AI 803578; AI 803579 - AI 803587; AI 803586 - AI 803908; AI 803909 - AI 803914; AI 803915 - AI 804094; AI 804095 - AI 804101; AI 804102 - AI 804345; AI 804346 - AI 804347; AI 804348 - AI 804350; AI 804351; AI 804351 - AI 804524; AI 804525 - AI 804530; AI 804531 - AI 804817; AI 804818 - AI 804823; AI 804824 - AI 805444; AI 805445 - AI 805451; AI 805452 - AI 805671; AI 805672 - AI 805677; AI 805678 - AI 805740; AI 805741 - AI 805743; AI 805772 - AI 805792; and AI 805798 - AI 805799.

[3] Arrow consistently maintained with Spire that it would produce a privilege log, and informed Spire that the log would take some time given the breadth of Spire's requests. Arrow provided a copy of the 45-page log to counsel for Spire on April 18, 2006

-5-

evidenced by the correspondence, which does not include any such offer.  In fact, Spire has specifically refused to limit these requests, and this refusal is reflected in the correspondence.  Spire Ex. 5, March 8, 2006 letter at 1; March 16, 2006 letter at 1.

At the discovery conference Spire claimed that these requests are relevant to its defense that Spire invented the subject matter of the '198 Patent and disclosed it to Diatek.  However, Spire has not produced any documents reflecting such disclosure.  Furthermore, as Spire acknowledges, Arrow has searched Diatek's documents and not located any evidence reflecting such disclosure.  In view of the fact that neither party has been able to locate the evidence Spire intends to rely upon, there is no reason for Arrow to conduct additional searches.

**B.     Request No. 34**

This request seeks "[a]ll documents concerning the inventions of the patent-in-suit and [other] patents, including but not limited" to a whole litany of categories of documents.  Arrow objected to the request to the extent it sought production of documents relating to patents other than the '198 Patent and documents that did not relate to "the invention of the patent-in-suit," for example engineering and design documents.

Contrary to Spire's Memorandum, Arrow has produced more than one page responsive to this request.  The single page document which Spire references is the only document known to Arrow showing *conception* of the invention of the '198 Patent.  The issue surrounding this document will be whether Spire can show an earlier disclosure by Spire to Diatek.  The fact that this piece of evidence is one page is irrelevant.  Spire provides no support for its implication that a patent infringement lawsuit is dependent on the volume of documents an inventor has created showing the conception of the invention.  No such rule exists.  In fact, all United States patents

are presumptively valid, 35 U.S.C. § 282, regardless of the existence or volume of *any* evidence of conception.

In its motion Spire continues to seek production of documents relating to patents other than the '198 Patent. Arrow has objected on relevance grounds, and Spire makes no showing that such documents are relevant.

### C. Other Requests and Interrogatories

#### a. Request No. 36

This request seeks documents relating to the "business development activities for products covered" both by the '198 Patent and other patents. Since Arrow has no products covered by the '198 Patent, there are no relevant responsive documents. Spire argues that business development activity relating to other "patents is relevant to invalidity—specifically, abandonment, lack of diligence in reduction to practice and inventor-ship, . . . the defined market, lost profits and reasonable royalty rate issues." Spire Mem. at 6. Spire's relevance argument is a complete non-sequitur. Abandonment and lack of diligence are factors in determining priority of invention under 35 U.S.C. § 102(g) and have nothing to do with Spire's invalidity defense. "Inventorship" may refer to an argument relating to an improper claim of inventorship; while this may be an invalidity defense, Spire has not asserted it. Furthermore, Spire makes no attempt to show how business development of a product falling within the scope of one patent evidences abandonment, lack of diligence, or inventorship of another different patent. As for the claim that this request seeks damages related documents, again, Spire makes no effort to explain how this request elicits such documents.[4]

---

[4] Arrow has produced damages documents in response to different requests.

339669.1

      **b.**      **Request No. 41**

This requests asks Arrow to produce FDA filings for products developed under the '198 Patent and other "relevant patents." Since Arrow has not developed any products under the '198 Patent, there are no relevant responsive documents. As for other "relevant patents," Arrow has objected on relevance grounds. Spire identifies two possible bases for the relevance of this request as applied to products manufactured under other patents: (1) possible identification of prior art; and (2) comparable products in the relevant market. Arrow has already identified all known prior art and produced documents relating to competitive products. Spire makes no attempt to show how the testing and other reports submitted to the FDA for approval of products outside the scope of the '198 Patent are relevant to its defenses, and requiring the production of such documents would be unduly burdensome.

      **c.**      **Request No. 45**

This request relates to board of director and management meetings. Arrow has objected on relevance and privilege grounds. The argument Spire posits on this request is that some presentation may have been made to the board of directors of Arrow explaining why the '198 Patent is invalid. Even if such a presentation was plausible, the evidence Spire is seeking would have been produced in response to other requests, such as for prior art. To the extent Arrow's management met to discuss the filing of this lawsuit, such meeting is not relevant to Spire's defenses.

      **d.**      **Interrogatory No. 8**

This is a nine part interrogatory which seeks information from Arrow regarding products which compete with Spire's infringing product. From Spire's Memorandum it would appear that Arrow has not responded to this interrogatory at all. In fact, much of the information sought by this interrogatory is relevant to Arrow's damage claim. Therefore, pursuant to Fed. R. Civ. P. 33(d), Arrow has produced documents dating back to 2004 from which the answers to this interrogatory may be ascertained. Arrow has objected to only two of the subparts: subpart (f) which asks for the identification of unspecified "associated documents," which is objected to as vague and indefinite; and subpart (g) which asks for the identification of every purchaser of Arrow's competitive product, which is objected to as overly broad and burdensome. Spire does not address either of these objections.

      **e.**      **Interrogatory Nos. 9(c) and 12**

Part (c) of Interrogatory 9 asks for the identification of persons other than attorneys and inventors involved in the prosecution of the '198 Patent. Interrogatory No. 12 is similar. Arrow has objected to these interrogatories not only on grounds of privilege, but also on relevance grounds. Since communications regarding patent applications are privileged, *Spalding Sports*, 203 F.3d at 806, the objection is appropriate. Even if an individual is identified, no discoverable information will be obtained due to the privilege. Spire argues relevance based only on a catch-all claim to this information being relevant to invalidity without explaining how such information may be relevant.

      **f.**      **Request No. 40 and Interrogatory No. 1**

Request No. 40 asks for communication regarding Spire's document requests. Interrogatory No. 1 asks for identification of individuals involved in responding to Spire's

discovery requests. Neither of these requests relates to Spire's defenses. These requests are nothing more than an attempt to harass Arrow. Spire's only justification for these requests is "piecemeal production" and the "asserted 'loss' of large volumes of documents." The alternative to piecemeal production would be delaying production until all documents are gathered; such is not a reason for complaint. There is no basis for Spire's statement that Arrow has lost large volumes of documents.

**Conclusion**

For the foregoing reasons, Arrow respectfully requests that Spire's motion be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ARROW INTERNATIONAL, INC. and ARROW INTERNATIONAL INVESTMENT CORP. |
|  | By their attorneys, |
|  | /s/ Brian E. Whiteley<br>Brian E. Whiteley (BBO #555683)<br>SCIBELLI, WHITELEY<br> AND STANGANELLI, LLP<br>50 Federal Street, 5th Floor<br>Boston, MA 02110<br>Telephone:   (617) 227-5725<br>Facsimile:   (617) 722-6003 |
| Dated:   April 21, 2006 | Kenneth P. George (*Pro Hac Vice*)<br>Ira E. Silfin (*Pro Hac Vice*)<br>AMSTER, ROTHSTEIN & EBENSTEIN LLP<br>90 Park Avenue<br>New York, NY 10016<br>Telephone:   (212) 336-8000<br>Facsimile:   (212) 336-8001 |

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 21, 2006, I caused a true copy of the above document to be filed and served electronically upon the following counsel:

Thomas J. Engellenner
Daniel J. Gleason
Michelle Chassereau Jackson
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Telephone: (617) 439-2000
Facsimile: (617) 310-9000
*Attorneys for Defendant Spire Biomedical, Inc.*

                                            /s/Brian E. Whiteley
                                            Brian E. Whiteley