UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARROW INTERNATIONAL, INC. and ARROW INTERNATIONAL INVESTMENT CORP., | ) ) ) ) C.A. No. 05-CV-10671-DPW |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SPIRE BIOMEDICAL, INC., | ) ) |
| Defendant. | ) ) ) |

### DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Spire Biomedical, Inc. ("Spire") requests leave to file the attached Defendant's Reply Memorandum in Support of it Motion for Summary Judgment. In support of this motion, Spire states that the reply brief is necessary to address certain erroneous legal and factual statements and arguments contained in Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment.

Dated: May 12, 2006

SPIRE BIOMEDICAL, INC.,
By its attorneys,

 /s/ Michelle Chassereau Jackson
Daniel J. Gleason (BBO # 194900)
Thomas J. Engellenner (BBO # 154460)
**Michelle Chassereau Jackson (BBO # 654825)**
NUTTER, McCLENNEN & FISH, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2604
Telephone 617-439-2000
Facsimile 617-310-9000

1527288.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARROW INTERNATIONAL, INC. and<br>ARROW INTERNATIONAL INVESTMENT CORP.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPIRE BIOMEDICAL, INC.,<br><br>    Defendant. | )<br>)<br>)<br>) C.A. No. 05-CV-10671-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant Spire Biomedical, Inc. ("Spire") replies to certain arguments of Plaintiffs Arrow International, Inc. and Arrow International Investment Corp. (collectively, "Arrow") made in opposition to Spire's motion for summary judgment.

    A.    **Arrow's Argument That It Should Be Deemed to Have Provided Notice is Flawed.**

Arrow's assertion that it "notified the U.S. Patent Office of the filing of its international PCT application immediately by filing the international PCT application with the Patent Office" (Opp'n. at 8) is contrary to both the law and the facts. Arrow failed to comply with the applicable statute (35 U.S.C. § 122(b)(2)(B)(iii)) and now excuses itself with unavailing arguments.

**The statute states that** a nonpublication request may be rescinded by an applicant who "*shall notify* the Director of such filing not later than 45 days after the date of the filing of such foreign or international application." 35 U.S.C. § 122(b)(2)(B)(iii). **The Manual of Patent**

**Examining Procedure (the "MPEP") proscribes the method of notification: "Form PTO/SB.36 (revision April 2001 or later) may be used to both rescind a nonpublication request and provide notice of foreign filing." (MPEP § 1124, entitled "Notice of Foreign Filing"[1] (emphasis added).) It also includes form PTO/SB/36 (08-03), entitled "Rescission of Previous Nonpublication Request and, if applicable, Notice of Foreign Filing." Even though Arrow attempts to persuade the Court that Arrow provided adequate "notice," it did not. Merely sending the PCT application to the Receiving Office at the PTO, as Arrow contends it did, does not constitute the notice of foreign filing because it is a procedure which is not consistent with the applicable statute and the MPEP require. As a consequence, the patent was abandoned. (*See* Spire's Mem. in Support of Mot. for Summ. J. at 3-6.) Arrow is now resorting to conclusory statements ("PCT application was received by the U.S. Patent Office and constituted notice to the U.S. Patent Office") that are flatly at odds with the express requirements of the applicable statute and the MPEP.**

**To assert that "the U.S. Patent Office records confirm that the office knew and appreciated the fact that an international application" (emphasis added) was filed for the '198 Patent is unsupported. (Opp'n. at 9.) The MPEP outlines the Office's procedure after notification is received—"[a]fter either a rescission of a nonpublication request or a notice of foreign filing is received by the [Patent and Trademark] Office, the Office will enter the rescission or notice of foreign filing into the Office Pre-Examination System to schedule the**

---

[1] Quite tellingly, Arrow acknowledges this very section in its Opposition in response to Spire's motion. In response to a quotation from the MPEP contained in Spire's moving papers concerning the fact that the U.S. Patent Office would be unlikely to recognize when an applicant has filed a counterpart foreign application, Arrow states that "[t]his describes the circumstances under which the filing of a foreign application, per se, or an application under a multilateral treaty may not satisfy the notice requirement. Arrow ignores the fact that, in the same paragraph, it states that if the "applicant failed to file a notice of foreign filing when it was required, prosecution of the application will continue and the application may issue as a patent, even though the application has become abandoned by operation of the statute."

application for publication," and "[a] notice (e.g., a 'Notice Regarding Rescission of Nonpublication Request and Notice of Foreign Filing') should be sent to inform the applicant of the projected publication date." (MPEP § 1124.) The Patent Application Information Retrieval Report for the '198 Patent confirms that no notice of foreign filing was ever received by the PTO. (A copy of this report is attached to Spire's Mot. for Summ. J. at Exhibit 2.). Moreover, Arrow has produced nothing in this litigation to suggest that notice was sent to Arrow to inform Arrow of the projected publication date. If the PTO "knew and appreciated," as Arrow argues, that the PCT application had been filed, it would have followed its standard procedure as outlined in the MPEP. Simply put, there is ample evidence that Arrow failed to provide requisite notice.

  **B.**  **An International PCT Application filed with the Patent Office is not Required Notice.**

  Arrow's assertion that its filing constitutes notification (Opp'n. at 8) is unavailable because filing with the Receiving Office is merely standard practice for PCT applications.

  If Arrow filed a PCT application by "Transmittal Letter to the United States Receiving Office" as claimed (*see* Silfin Ex. 1 at AI 800578 (emphasis added)) it filed the application only with an office that is neither designed to, nor responsible for, processing notices of the type required. The "Patent and Trademark Office shall act as a Receiving Office for international applications filed by nationals or residents of the United States." (35 U.S.C. § 361.) This Receiving Office has solely ministerial functions[2] and importantly, they do not include receiving notice of foreign filings required by 35 U.S.C. § 122(b)(2)(B)(iii).

---

[2] 37 C.F.R. § 1.142 ("The major functions of the Receiving Office include: (1) According of international filing dates to international applications . . .; (2) Assuring that international applications meet the standards for format and content . . ; (3) collecting and, when required, transmitting fees due for processing international applications . . . ; (4) Transmitting the record and search copies to the International Bureau and

If Arrow's filing of the PCT application with the PTO were deemed sufficient to provide "notice of foreign filing," then the notice required by statute, the MPEP, and the Rescission of Previous Nonpublication Request and Notice of Foreign Filing form (Form PTO/SB/36) would effectively be rendered meaningless.  Sending a PCT application to this repository is nothing more than the standard procedure required to enjoy the full benefits of the PCT; it meets, neither in spirit nor in law, the explicit step of required notification.  Also, by arguing that the PTO knew that an international application corresponding to the application for the '198 Patent had been filed (Opp'n. at 9), Arrow unsuccessfully attempts to shift the burden to the PTO to monitor and take notice of all PCT applications sent to the general repository to determine whether notice of foreign filing had been provided.  Such an attempt to place the onus on the PTO to discover its PCT application is an unpersuasive last-minute attempt to revive Arrow's abandoned '198 Patent.

Additionally, the inadequacy of Arrow's PCT filing as notice is further demonstrated by the fact that the U.S. application (which purportedly matured into the '198 Patent) was never published by the PTO 18 months[3] after the alleged notification.  Arrow thus continued to enjoy the benefit of its secrecy exemption while at the same time having foreign applications pending.

Arrow is clearly grasping for an explanation as to why it did not follow the mandates of the statute and the MPEP.  Arrow's failure to do so renders the '198 Patent invalid.

---

International Searching Authority . . . ; (5) Determining compliance with applicable requirements of Part 5 of this chapter; (6) Reviewing and, where the United States Receiving Office is not the competent Receiving Office . . . , transmitting the international application to the International Bureau for processing . . .")

[3] 35 U.S.C. 122(b)(1)(A) states that:  "Subject to paragraph (2), each application for a patent shall be published, in accordance with procedures determined by the Director, promptly after the expiration of a period of 18 months from the earliest filing date for which a benefit is sought under this title."

## CONCLUSION

For the reasons stated above, as well as those contained in Spire's Memorandum in Support of its Motion for Summary Judgment, Spire respectfully requests that the '198 Patent be declared invalid and/or unenforceable, that its motion for summary judgment be granted, and that this case be dismissed, with prejudice.

**Dated:** May 12, 2006

**SPIRE BIOMEDICAL, INC.,**
**By its attorneys,**

 /s/ Michelle Chassereau Jackson
**Daniel J. Gleason (BBO # 194900)**
**Thomas J. Engellenner (BBO # 154460)**
**Michelle Chassereau Jackson (BBO # 654825)**
**NUTTER, McCLENNEN & FISH, LLP**
**World Trade Center West**
**155 Seaport Boulevard**
**Boston, MA   02210-2604**
**Telephone 617-439-2000**
**Facsimile 617-310-9000**

**1529097.1**