UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------x
ARROW INTERNATIONAL, INC., and
ARROW INTERNATIONAL INVESTMENT
CORP.,

               Plaintiffs,

      v.

SPIRE BIOMEDICAL, INC.,

               Defendant.
------------------------------x

Civil Action No.: 05-10671 DPW

ECF Case

**PLAINTIFFS' REPLY BRIEF ON CLAIM CONSTRUCTION**

Plaintiffs Arrow International, Inc. and Arrow International Investment Corp. (collectively "Arrow") submit this Memorandum in further support of the interpretation of disputed claim terms.

**I.    Background**

In its opening brief, Arrow provided background information regarding hemodialysis and the development work leading to the patent-in-suit, United States Patent No. 6,872,198 ("the '198 patent"). Defendant Spire Biomedical, Inc. ("Spire") also provides background information in its Responsive Claim Construction Brief. Arrow contests some of the statements made by Spire. However, since none of the contested background is relevant to claim construction, Arrow will not address it here.

342566.2

## II.  Argument

### A.  The Preamble Is Not Limiting

The first claim construction dispute is the extent of the preamble of claim 1 of the '198 patent and whether the preamble is limiting.  This dispute primarily revolves around the question of what constitutes the preamble.  Claim 1 begins with an introductory phrase followed by the transitional word "including."  The body of the claim, including a definition of structure and a recitation of the method steps follows.

Arrow asserts that the preamble consists only of the introductory phrase preceding the word "including":

> A method for surgically implanting a double-Y-shaped multi-lumen catheter tube into a patient, the multi-lumen catheter including . . . .

The '198 Patent at col. 11, ll. 9-11.[1]  Spire argues that the preamble includes not only the introductory language but also the structural definition of the catheter (shown in italics):

> **A method for** surgically implanting a double-Y-shaped multi-lumen catheter tube into a patient, the multi-lumen catheter **including** *an elongated, central, multi-lumen tube portion, a proximal end portion including a single-lumen proximal veinal extension tube and a single-lumen proximal arterial extension tube each having a proximal tip, and a distal end portion including a single-lumen distal veinal extension tube and a single-lumen distal arterial extension tube each having a distal end*, **the method comprising**:

The '198 Patent at col. 11, ll. 9-17 (emphasis added).  Arrow does not dispute that the structural definition of the catheter (shown in italics above) is part of the body of the

---

[1]  The '198 Patent was attached to Plaintiffs' Claim Construction Brief submitted on April 12, 2006 as Appendix A.

claim and is limiting. It is only the introduction before the word "including" which is at issue.

Spire's argument is based on a mistaken belief that *only* the word "comprising" can define the transition between the preamble and the body of the claim. However, the word "including" has the same transitional effect in a claim as "comprising." *See* CHISUM ON PATENTS, § 8.06[1][b][ii]; *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.,* 123 F.3d 1445, 1451 (Fed Cir. 1997). Therefore there is no reason to define the limiting portion of the claim based on the appearance of the word "comprising" in the body of the claim.

Claim 1 of the '198 Patent has a format which is used commonly in method claims. This exact same format was at issue in *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363 (Fed. Cir. 2003). The claim at issue read:

> **A method for** gaining control of a computer prior to the normal boot sequence operating on a digital computer system, said digital computer system **including**:
>
> *means for storing data;*
>
> *means for processing data;*
>
> *means for connecting said digital computer system to an external source of commands;*
>
> *means for displaying data; and*
>
> *means for inputting data;*
>
> **the method comprising**:
>
> testing automatically for . . . .

*Id.* at 1367 (emphasis added).  This claim has an introductory phrase followed by the word "including," a structural definition (shown above in italics), and finally the required method steps after the word "comprising."  The Federal Circuit held that the preamble of the claim was just the introductory phrase up to the word "including," and the preamble was not a limitation.

Like the claim in *Altiris*, the preamble of claim 1 of the '198 patent ends at the word "including" and is not limiting.  The structure and the method steps are in the body of the claim and are limitations of the claim.

With the preamble properly defined, the secondary issue is whether the preamble is necessary to give meaning to the claim or only introduces the intended purpose of the invention.  *See Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002).  In this case, the most basic test of whether the preamble is limiting is not met, because the body of the claim describes the complete invention.  *Rowe v. Dror*, 112 F.3d 473, 478 (Fed. Cir. 1997).  The structure defined in the body of the claim includes the central, multi-lumen tube portion with a pair of extension tubes at each end.  These structural elements are then referenced through out the claim.  Except for the introduction, at no point is the term "y-shaped" used in the claim.

Contrary to Spire's arguments, the mere use of "y-shaped" in the specification and the prosecution history does not require that the preamble limit the claims.  The preamble is not "underscored as important by the specification." *Catalina,* 289 F.3d at 808.  Likewise, the use of a term in a patent title does not transform that term into a limitation of the claim. *Pitney-Bowes, Inc. v. Hewlett-Packard Co.,* 182 F.3d 1298, 1312

(Fed. Cir. 1999). Moreover, although the term "y-shaped" was used during prosecution, it was not used "to distinguish the claimed invention from the prior art." *Catalina,* 289 F.3d at 808. "Without such reliance, however, a preamble generally is not limiting when the claim body describes a structurally complete invention such that deletion of the preamble phrase does not affect the structure or steps of the claimed invention." *Id.* at 809 (citing *IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1434 (Fed. Cir. 2000)).

Based on all the accepted tests of whether a preamble constitutes a claim limitation, the preamble of claim 1 of the '198 patent is not limiting.

### B. The Meaning of Y-Shaped

The second claim construction issue is dependent upon the resolution of the first issue, and must only be decided if the preamble of claim 1 is held to be limiting. If the preamble is limiting, Spire asks the Court to require that the term "y-shaped" be read to require that there be "a perceivable angle which is less than 180 degrees" between the extension tubes. Spire Brief at 10. Spire's arguments are based on an attempt to ignore the specification.

First, the idea of "perceivable angle" is not supported anywhere in the intrinsic evidence. This undefined term was invented by Spire to support a future non-infringement defense. The specification specifically describes the angles between the extension tubes as "any desired angle." The '198 Patent at col. 7, ll. 19-20; col. 8, ll. 49-50. Similarly, limiting the y-shape to a "perceivable angle" would eliminate from the claims the catheter shown in figure 1 of the '198 patent. As shown here, the first end of the catheter shown in figure 1 does not have a perceivable angle between the extension



FIG. 1

tubes. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (claim interpretation that puts the preferred embodiment outside the scope of the claim is "rarely, if ever, correct"). Therefore, the specification of the '198 Patent does not support Spire's proposed claim interpretation.

Second, Spire argues "A 'Y' cannot be formed by an arrangement of the two tubes at **any** included angle." Spire Brief at 10. This argument completely ignores the specific descriptions of the α and θ angles in the specification. The inventors of the '198 Patent recognized that both these angles can be "arranged . . . so that the angle . . . is any desired angle." The '198 Patent at col. 7, ll. 19-20; col. 8, ll. 49-50. Spire seeks to ignore the specification and redefine the invention to require an angle between "perceivable" and "less than 180°." Spire brief at 9-10. This limitation should be rejected as unfounded.

"Y-shaped," if the preamble is limiting, simply denotes the splitting of the lumens from the central portion of the multi-lumen catheter to create separate extension tubes at either end.

### C.  Securing

The last issue which must be resolved arises in the final step of the method of claim 1. Arrow's contention is that this step should be given its ordinary meaning.[2]

---

[2] Nothing in Arrow's Claim Construction brief should be interpreted as an attempt by Arrow to read "distal end" out of this claim limitation. In discussions before briefing, the focus of this disputed term was on the meaning of the term "securing" and whether any particular method was required to satisfy the securing step. There is no dispute as to what must be secured in this step—"the distal end of the catheter."

Spire argues that the word securing should be interpreted to be "fastening." Spire Brief at 12. As this Court has recognized, the Federal Circuit frowns upon the substitution of synonyms in claim construction.

> The Federal Circuit gave some guidance in International Rectifier Corp. v. IXYS Corp. [361 F.3d 1363, 1375 (Fed. Cir. 2004)], a pre-Phillips case, where it disapproved of the district court's adoption of a synonym of the claim term as the definition because it "disregard[ed] entirely the distinction between the two terms set forth in the usage note." The court observed that "had the inventor meant [the synonym], he could have used that word. However, we must consider the word that the inventor actually chose and use the definitions of that term that are consistent with the written description." International Rectifier Corp. v. IXYS Corp., 361 F.3d 1363, 1374 (Fed. Cir. 2004).

*Amesbury Group, Inc. v. Caldwell Mfg. Co.*, Civ. No. 05-10020, 2006 U.S. Dist. LEXIS 2175, *29 (D. Mass. Jan. 20, 2006).

Therefore, "securing" should be given its ordinary meaning.

## III.  Conclusion

Since the body of the claim 1 describes the complete invention, the preamble of claim 1 is not limiting. If the Court does find the preamble limiting, "y-shaped" should be interpreted to mean having separate extension tubes, with no limitation on the angle between the extension tubes. "Securing" should be given its ordinary meaning and not be interpreted to be "fastening."

-8-

Respectfully submitted,

*ARROW INTERNATIONAL, INC. and*
*ARROW INTERNATIONAL INVESTMENT*
  *CORP.*

By their attorneys,

*/s/ Carolyn A. Marcotte*
Brian E. Whiteley  (BBO #555683)
Carolyn A. Marcotte (BBO #663616)
SCIBELLI, WHITELEY AND STANGANELLI, LLP

50 Federal Street, 5th Floor
Boston, MA 02110
Telephone:   (617) 227-5725
Facsimile:   (617) 722-6003

Kenneth P. George (*Pro Hac Vice*)
Ira E. Silfin (*Pro Hac Vice*)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone:   (212) 336-8000
Facsimile:   (212) 336-8001

Dated:  May 31, 2006
        New York, NY

342566.2

## CERTIFICATE OF SERVICE

I hereby certify that, on May 31, 2006, I caused a true copy of PLAINTIFFS' REPLY BRIEF ON CLAIM CONSTRUCTION to be filed and served electronically upon the following counsel:

>Thomas J. Engellenner, Esq.
>Daniel J. Gleason, Esq.
>Heather B. Repicky, Esq.
>Nutter, McClennen & Fish, LLP
>World Trade Center West
>155 Seaport Boulevard
>Boston, Massachusetts 02210-2604
>Telephone: (617) 439-2000
>Fascimile: (617) 310-9000

>*Attorneys for Defendant Spire Biomedical, Inc.*

>    */s/Carolyn A. Marcotte*
>    Carolyn A. Marcotte

342566.2