UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------x
ARROW INTERNATIONAL, INC., and :
ARROW INTERNATIONAL INVESTMENT :
CORP.,                          :   Civil Action No.: 05-10671 DPW
                                :
            Plaintiffs,         :   ECF Case
                                :
      v.                        :
                                :
SPIRE BIOMEDICAL, INC.,         :
                                :
            Defendant.          :
---------------------------------x

**PLAINTIFFS' REPLY MEMORANDUM ADDRESSING
ADMINISTRATIVE ISSUES RAISED BY DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

Plaintiffs Arrow International, Inc. and Arrow International Investment Corp. submit this brief Reply Memorandum in response to Spire Biomedical, Inc.'s Memorandum Addressing Administrative Issues Raised By Defendant's Motion For Summary Judgment of Invalidity.

On page 4 of Spire's Memorandum at footnote 3, Spire misstates Arrow's position by claiming that there is no dispute as to whether a revived application is retroactive. In fact, Arrow strongly believes, as set forth in section II.C. of its Memorandum, that any revived application has retroactive effect. The quotation in footnote 3 on which Spire relies was in response to a question by the Court based on the assumption that revival was not retroactive and "the date of the effectiveness of the patent becomes the date of revival." Markman Tr. 10:4-7.

346248.1

The only case citation which Spire relies upon for its argument that a revived application is not retroactive is *Urologix, Inc. v. ProstaLund A.B.*, 256 F. Supp. 2d 911 (E.D. Wis. 2003). However, the court in *Urologix* never directly addressed this issue. *Urologix* was based on a decision that a patent was invalid because a parent application had become abandoned before the filing of the application for the patent-in-suit. *Id.* at 913. On a motion for reconsideration, the Court confirmed this result. *Id.* at 914-915. Then the court discussed various scenarios including whether a revived application would be retroactive. *Id.* at 915. In view of the fact that the court never held that the parent application should be revived, any discussion of retroactivity was mere dicta.

Finally, for *Blonder-Tongue* collateral estoppel to be effective, the patent owner must have had a "full and fair chance to litigate the validity of the patent." *Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 333 (1971). On this motion, this would require Spire to prove the absence of any material factual dispute regarding unintentional delay by Arrow. Spire has failed to meet this burden because it has no evidence of intentional delay, instead purely relying on inference.

        Respectfully submitted,

        ARROW INTERNATIONAL, INC. and
        ARROW INTERNATIONAL INVESTMENT
          CORP.

        By their attorneys,

        */s/ Brian E. Whiteley*
        Brian E. Whiteley  (BBO #555683)
        SCIBELLI, WHITELEY AND
          STANGANELLI, LLP
        50 Federal Street, 5th Floor
        Boston, MA 02110

        Telephone:   (617) 227-5725
        Facsimile:   (617) 722-6003

Kenneth P. George (*Pro Hac Vice*)
Ira E. Silfin (*Pro Hac Vice*)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone:   (212) 336-8000
Facsimile:   (212) 336-8001

Dated:   July 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2006, I caused a true copy of Plaintiffs' Reply Memorandum Addressing Administrative Issues Raised By Defendant's Motion For Summary Judgment Of Invalidity to be filed and served electronically upon the following counsel:

>Thomas J. Engellenner, Esq.
>Daniel J. Gleason, Esq.
>Michelle Chassereau Jackson, Esq.
>Heather B. Repicky, Esq.
>Nutter, McClennen & Fish, LLP
>World Trade Center West
>155 Seaport Boulevard
>Boston, Massachusetts 02210-2604
>Telephone: (617) 439-2000
>Facsimile: (617) 310-9000
>
>*Attorneys for Defendant Spire Biomedical, Inc.*

>    /s/Carolyn A. Marcotte
>       Carolyn A. Marcotte

346248.1