UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARROW INTERNATIONAL, INC. and<br>ARROW INTERNATIONAL INVESTMENT CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>SPIRE BIOMEDICAL, INC.,<br><br>Defendant. | )<br>)<br>)<br>) C.A. No. 05-CV-10671-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, defendant Spire Biomedical, Inc. ("Spire") hereby moves that the Court enter an order awarding Spire reasonable attorney's fees and costs. In support of this Motion, Spire states as follows:

1. Arrow International, Inc. and Arrow International Investment Corp. (collectively "Arrow") filed this action on April 5, 2005 based on alleged infringement of U.S. Patent No. 6,872,198 (filed Aug. 30, 2002) (the "'198 Patent").

2. Spire filed its Motion for Summary Judgment of Invalidity due to Abandonment of the '198 Patent on March 22, 2006.

3. Had Arrow undertaken a reasonable inquiry prior to filing the Complaint in this action, Arrow would have discovered that they had no basis for their infringement claim.

4. When Spire filed the Motion for Summary Judgment, Arrow could have moved to dismiss the action without prejudice. Instead, Arrow chose to engage in a protracted legal battle in an effort to preserve the lawsuit.

5.	On July 31, 2006, the Court entered an Order of Dismissal in this matter following Spire's Motion for Summary Judgment, holding that "Arrow must exhaust its administrative remedies before the PTO regarding abandonment as a condition precedent pursuit of this patent litigation by either party in an Article III court." The action was dismissed without prejudice.

6.	Spire is not seeking costs for the substantive issues of discovery but merely the costs associated with bringing the jurisdictional defect to the attention of the plaintiffs and the Court.

WHEREFORE, Spire requests that this Court enter an Order awarding Spire $65,708.50 in reasonable attorneys' fees and costs.

Dated:  August 14, 2006			SPIRE BIOMEDICAL, INC.,

						By its attorneys,


						 ___/s/ Heather B. Repicky_____
						Daniel J. Gleason (BBO # 194900)
						Thomas J. Engellenner (BBO # 154460)
						Michelle Chassereau Jackson (BBO # 654825)
						Heather B. Repicky (BBO # 663347)
						NUTTER, McCLENNEN & FISH, LLP
						World Trade Center West
						155 Seaport Boulevard
						Boston, MA   02210-2604
						Telephone 617-439-2000
						Facsimile 617-310-9000


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

						 ___/s/ Heather B. Repicky_____
						Heather B. Repicky


1553942.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARROW INTERNATIONAL, INC. and ARROW INTERNATIONAL INVESTMENT CORP.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPIRE BIOMEDICAL, INC.,<br><br>    Defendant. | C.A. No. 05-CV-10671-DPW |

**Affidavit of Daniel J. Gleason in Support of
Defendant's Motion for Attorney's Fees and Costs**

    I, Daniel J. Gleason, hereby state:

    1.    I am a partner in the firm of Nutter, McClennen & Fish, LLP ("Nutter") and a member of good standing of the Bar of the Commonwealth of Massachusetts and of the United States District Court for the District of Massachusetts. I make this affidavit based on personal knowledge and knowledge derived from the time and billing records maintained by Nutter, in the ordinary course of its business.

    2.    Nutter has represented Spire Biomedical, Inc. ("Spire") in this matter since the inception of this litigation, in March, 2005.

    3.    The fees to which this Affidavit relates are specifically those fees generated, and charged to Spire, by Nutter in connection with the prosecution of the Memorandum of Spire Biomedical, Inc. in Support of its Motion for Summary Judgment of Invalidity due to Abandonment. Those fees, in total, come to $ 65,708.50. They breakout, on a lawyer by lawyer basis, as follows:

    (a)    Daniel J. Gleason    $ 13,750.00 (25 hours @ $550.00/hour)

    (b)    Thomas J. Engellenner    $ 16,393.00 (33.8 hours @ $485.00/hour)

    (c)    Heidi M. Mitza    $ 12,454.50 (36.1 hours @ $345.00/hour)

    (d)    Michelle C. Jackson    $ 5,841.00 (19.8 hours @ $295.00/hour)

    (e)    Heather B. Repicky    $ 17,270.00 (78.5 hours @ $220.00/hour)

4.    I supervised the work behind this effort. I believe that the fees Nutter charged to Spire in connection with this motion were eminently reasonable, in light of the circumstances, the nature of the case, and the results achieved. The rates that Nutter charged for the individual lawyers listed fall well within the range of rates charged by comparable Boston firms for lawyers of similar experience. The complexity of the matter reasonably required the effort put forth, which included, *inter alia*, legal research, drafting, conferencing with opposing counsel, consultation with the client, and appearances in Court.

Signed this 14th day of August 2006, under the penalties of perjury.

    /s/ Daniel J. Gleason
    Daniel J. Gleason

1554276.2