UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------x
ARROW INTERNATIONAL, INC., and
ARROW INTERNATIONAL INVESTMENT
CORP.,

            Plaintiffs,

     v.

SPIRE BIOMEDICAL, INC.,

            Defendant.
---------------------------------x

Civil Action No.:  05-10671 DPW

ECF Case

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

      Plaintiffs Arrow International, Inc. and Arrow International Investment Corp. (collectively, "Arrow") submit this Memorandum in opposition to the Motion by Defendant Spire Biomedical, Inc. ("Spire") for attorneys' fees and costs incurred in connection with its Motion for Summary Judgment of Invalidity Due to Abandonment filed on March 22, 2006.  As set forth below, Spire's motion should be denied.

      Federal Rule of Civil Procedure 54(d)(2)(b) provides, among other things, that a motion for attorneys' fees "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award" of attorneys' fees.  Spire's Motion fails to satisfy these requirements; it does not specify the judgment serving as the basis of the request and further fails to identify the "statute, rule, or other grounds" upon which Spire contends it is entitled to an award.  Arrow will respond to this Motion on the assumption that the "judgment" is the Court's order of August 15, 2006, and that Spire's statutory basis for a request for attorneys' fees is 35 U.S.C. § 285, which provides that

348504.3

"the court in exceptional cases may award reasonable attorneys' fees to the prevailing party."[1]

In order to prevail on its Motion, Spire must show (1) it is the prevailing party and (2) this is an exceptional case. As set forth below, Spire cannot prove either, and its motion should therefore be denied.

I.   *Spire Is Not The Prevailing Party*

Spire has failed to show it is the "prevailing party" as required by 35 U.S.C. § 285. Since there is no "prevailing party," the fee-shifting statute does not apply.

A party is only considered prevailing when that party "has prevailed on the merits of at least some of his claims." *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 603 (2001) (quotation omitted). There must be a "material alteration" in the legal relationship between the two parties. *Id.* at 604. Such "material alteration" must be due to the party receiving "at least some relief on the merits." *Inland Steel Company v. LTV Steel Company,* 364 F.3d 1318, 1320 (Fed. Cir. 2004). To prevail, a party "must have received a judicial imprimatur tantamount to a judgment in favor of that party." *Akers v. Nicholson,* 409 F.3d 1356, 1359 (Fed. Cir. 2005).

The requirement that there be a material alteration by the court in the relationship of the parties is "'presumed to apply generally to all fee-shifting statutes that use the "prevailing party" terminology.'" *Chelsea Smith v. Fitchburg Public Schools,* 401 F.3d 16, 22 n.8 (1st Cir. 2005) (citing *Doe v. Boston Pub. Sch.,* 358 F.3d 20,

---

[1] Although Spire makes an allegation regarding a lack of "reasonable inquiry" (paragraph 3), Spire's motion cannot constitute a motion under Rule 11 of the Federal Rules of Civil Procedure because Spire has not complied with the notice requirements of the Rule. *See Fed. R. Civ. P. 11(b)(1)(a).* In addition, for the reasons set forth in this memorandum, there is no basis for a Rule 11 motion here.

25 (1st Cir. 2004)); *Sacco v. United States,* 452 F.3d 1305 (Fed. Cir. 2006); *In re Columbia University Patent Litigation,* 343 F. Supp. 2d 35, 49 (D. Mass. 2004) (commenting on the Federal Circuit's notation that "[t]he Supreme Court has interpreted the phrase 'prevailing party' consistently in all federal fee-shifting statutes"). The plaintiffs in *In re Columbia* sought a declaration of invalidity or unenforceability. After filing a covenant not to sue on the disputed patent, the defendant filed a motion to dismiss the declaratory judgment action because there was no longer an actual case or controversy as required by the Declaratory Judgment Act. Plaintiffs opposed the motion in part on the grounds that their requests for attorneys fees created the necessary case of controversy. The Court rejected the argument, finding that, because the plaintiffs had "received no relief from the court on the merits of their claims," they could not be considered prevailing parties for the purposes of § 285. *Id.*

Here, Spire's Motion for summary judgment sought a declaration that the '198 Patent was invalid and/or unenforceable. Spire failed to achieve this objective. Instead, the Court dismissed the case without prejudice on the grounds that Arrow must first exhaust its administrative remedies with the United States Patent and Trademark Office. *See* Memorandum of the Court dated August 15, 2006 p. 8. The Court has expressly noted that Arrow may refile upon exhaustion at the Patent Office and that, if refiled within two years, "the case will pick up where it left off." Id. at 9.[2] In no sense has Spire prevailed in obtaining the relief it sought. The Court has not found the '198 Patent invalid or unenforceable, and the legal relationship between Arrow and Spire has not changed.

---

[2] The PTO granted the Petition to Revive the '198 Patent on August 17, 2006, five months after Arrow petitioned the PTO. Arrow is therefore preparing to refile this case and expects that it will be returned to this session under Local Rule 40.1(G).

As a result, Spire is not a "prevailing party" for purposes of 35 U.S.C. § 285 and its motion should be denied.

II.  *This Is Not An Exceptional Case*

Since Spire has failed to reach the threshold of "prevailing party," the determination of whether this is an "exceptional case" need not be made.  In any event, this is in no way an "exceptional case."  Spire's only allegations in this regard are: (i) an implicit argument that Arrow acted in bad faith because it allegedly failed to make a reasonable inquiry prior to filing the Complaint in this Action (Defendant's Motion, par. 3); and (ii) Arrow's decision to oppose Spire's Motion for Summary Judgment (Defendant's Motion, par. 4) rather than voluntarily dismissing without prejudice.  Neither of these contentions is sufficient to constitute an exceptional case.

First, Spire faults Arrow for not "undertaking a reasonable inquiry prior to filing the Complaint in this Action."  Defendant's Motion par. 3.  This argument is specious.  Not only has there been no decision on the issue of whether Arrow's pretrial inquiry was in fact reasonable, Spire itself did not find the alleged defect in the '198 Patent until late in the litigation.  On January 27, 2006, Arrow propounded a contention interrogatory on Spire requesting an explanation for Spire's invalidity contentions.  Spire responded on February 28, 2006 without mentioning its invalidity argument under 35 U.S.C. § 122(b)(2)(B)(iii).  This highlights the fact that the alleged defect is not obvious, even with reasonable inquiry.  Indeed, had Spire provided Arrow with notice of the allegation of invalidity under 35 U.S.C. § 122(b)(2)(B)(iii), Arrow would have promptly petitioned the PTO, as it did when Spire – just prior to filing its motion for summary judgment – finally provided notice to Arrow.  A complete and timely

interrogatory response from Spire in February may well have obviated the need for the summary judgment motion it filed later.

The only other argument advanced by Spire relevant to whether this is an exceptional case is the contention that Arrow should have voluntarily dismissed rather than oppose Spire's summary judgment motion. There is no basis for awarding attorneys fees simply because a party chooses to litigate a matter rather than concede. *See Bicon, Inc. v. Straumann Co.,* 356 F. Supp. 2d 6, 8 (D. Md. 2005) (plaintiff's opposition to motion for summary judgment of noninfringment on the basis of doctrine of equivalents not frivolous even after claim construction hearing made it clear that there was no literal infringement). This is especially true here where the Court did not grant Spire the relief it requested and where the Court's Memo provides no suggestion that the arguments advanced by Arrow were without a basis in law and fact. Further, had Spire truly been interested in having Arrow voluntarily dismiss the case, its counsel would have notified Arrow prior to preparing its motion for summary judgment. Spire did not do so. Instead, Spire's counsel prepared its motion for summary judgment in secret and waited until within hours of filing before calling Arrow's counsel under Local Rule 7.1 to seek to narrow the issues in the motion.

III.   *Conclusion*

Because Spire is not the prevailing party and this is not an exceptional case, Defendant's Motion for Attorneys' Fees should be denied.

>Respectfully submitted,
>
>ARROW INTERNATIONAL, INC. and
>ARROW INTERNATIONAL INVESTMENT
>   CORP.
>
>By their attorneys,
>
>*/s/ Brian E. Whiteley*
>Brian E. Whiteley (BBO #555683)
>SCIBELLI, WHITELEY AND STANGANELLI, LLP
>50 Federal Street, 5th Floor
>Boston, MA 02110
>Telephone:   (617) 227-5725
>Facsimile:   (617) 722-6003
>
>
>Kenneth P. George (*Pro Hac Vice*)
>Ira E. Silfin (*Pro Hac Vice*)
>AMSTER, ROTHSTEIN & EBENSTEIN LLP
>90 Park Avenue
>New York, NY 10016
>Telephone:   (212) 336-8000
>Facsimile:   (212) 336-8001

Dated:   August 28, 2006

-7-

## CERTIFICATE OF SERVICE

      I hereby certify that, on August 28, 2006, I caused a true copy of Plaintiffs' Memorandum In Opposition To Defendant's Motion For Attorneys' Fees And Costs to be filed and served electronically upon the following counsel:

Thomas J. Engellenner
Daniel J. Gleason
Michelle Chassereau Jackson
Heather B. Repicky
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Telephone: (617) 439-2000
Facsimile: (617) 310-9000
*Attorneys for Defendant Spire Biomedical, Inc.*

                                        */s/ Carolyn A. Marcotte*
                                        Carolyn A. Marcotte